CARLSON v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department.   April 12, 1912.)

1. EVIDENCE (§ 67*)—PRESUMPTIONS—CONTINUANCE OF FACT OR CONDITION.
    In an action against a city and an owner for injuries resulting from the collision of plaintiff's automobile with a pile of sand placed in a street, where there was evidence that a lighted lantern had been placed at one end of the pile early in the evening, which was out immediately after the collision, but which was warm when picked up, it will be presumed that the lighted lantern continued burning until the accident, until the contrary is shown.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 87, 88, 103; Dec. Dig. § 67.*]

2. MUNICIPAL CORPORATIONS (§ 819*)—DEFECT IN STREETS—ACTION FOR INJURIES—QUESTION FOR JURY—LIGHTS.
    Evidence, in an action for personal injuries, resulting from a collision of plaintiff's automobile with a pile of sand in the street, held not sufficient to justify the jury in finding that there was not a lighted lantern at the end of the pile at the time of the accident.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MUNICIPAL CORPORATIONS (§ 797*)—OBSTRUCTION IN STREET—PRECAUTIONS AGAINST INJURY—LIGHT.

A red lantern at each end of a pile of sand placed in a street under a permit from the city constitutes a sufficient warning of its location.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1656; Dec. Dig. § 797.*]

4. MUNICIPAL CORPORATIONS (§ 821*)—OBSTRUCTION IN STREET—ACTION FOR INJURIES—QUESTION FOR JURY—NEGLIGENCE.

Evidence, in an action for personal injuries resulting from a collision of plaintiff's automobile with a pile of sand placed in the street under a permit from defendant city, and which was alleged to have spread out over the street beyond the limits fixed by the city ordinance, *held,* not sufficient to take the question of defendant's negligence to the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

Appeal from Trial Term, Kings County.

Action by Charles A. Carlson against the City of New York, George Potts, and others. From a judgment of the Supreme Court in favor of plaintiff, the City of New York and George Potts appeal; and from an order denying a motion for new trial, the City of New York appeals. Judgment and order reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Frank Julian Price (James D. Bell, on the brief), for appellant City of New York.

George S. Billings, for appellant Potts.

Conrad Saxe Keyes, for respondent.

WOODWARD, J. The plaintiff, while driving an automobile on Pacific street, borough of Brooklyn, on the 20th day of November, 1905, at or near midnight, came into collision with a pile of sand which the defendants George Potts and Charles F. Partridge had caused to be placed there under a permit issued by the city of New York for the purpose of using the same in the construction of a building upon the abutting property. It is conceded on this appeal that the defendants Potts and Partridge were justified in placing the materials in the street, and that the original placing was within the limits fixed by the ordinance of the city limiting the occupation to one-third of the width of the carriageway; but it is contended that at the time of the accident this sand had been permitted to spread out until it had covered about one-half of the street, and that there was only one red light upon the same, at or near the easterly end of the pile, nearly 200 feet in length, the plaintiff approaching the same from the west. The evidence is undisputed. Indeed, it is conceded that there was a lantern attached to a pole at the westerly end of this sand pile, and that the same was lighted earlier in the evening, and the plaintiff's own testimony is to the effect that as he lay upon the pavement near the wreck of his automobile a policeman called his attention to the lantern upon a pole; but he says that the light was out at this time. Another witness testifies to finding the lantern at the westerly end of the sand pile, and that the light was out; but

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he says the lantern was warm when he picked it up, and there is other testimony in the case as to the presence of this lantern, and none of the witnesses pretend to have observed that the light, which was conceded to have been burning earlier in the evening had gone out, or that there was anything in the condition of the weather to cause it to go out, or that the lantern was not filled and properly equipped.

[1] As the case is presented, then, the lantern was properly placed and lighted at an earlier hour of the evening. It was found at or near the point where the collision with the sand pile occurred immediately after the accident, and the lantern was still warm when picked up by a disinterested witness. It is a well-established general rule that, where the existence at any one time of a certain condition or state of things of a continuing nature is shown, the general presumption arises that such condition or state continues to exist until the contrary is shown by either circumstantial or direct evidence, so long as is usual with conditions or things of the particular nature (22 Am. & Eng. Ency. of Law, 1238, 1243, and authorities cited in notes), and the presumption that this light remained properly placed and burning up to the time of the accident is strengthened by the undisputed fact that it was still warm when a witness, who visited the scene immediately after the accident, found the lantern still warm. It is suggested that it was not shown that the lantern was filled with oil; but, if this was true, it was for the plaintiff to show the fact in rebuttal of the presumption, for when the defendants showed that the lantern was placed and burning earlier in the evening, the presumption was that it continued burning, as that would be the usual thing, and it was for the plaintiff to show that this was not the case.

[2, 3] We think there was no evidence in this case which would justify a jury in finding that there was not a lighted lantern at the westerly end of this pile of sand at the time of this accident, and, if there was such a light, we think it can hardly be said that it was not a sufficient warning. There was no use in barricading it; the barricade would have been fully as dangerous as a pile of sand. And the case appears to have been tried upon the theory that, if there was a lighted lantern at the westerly end of the sand pile, the defendants could not be held to be negligent.

[4] It is urged, however, that while the original placing of the sand was lawful, and it did not exceed the limit fixed by ordinance, at the time of the accident the sand had spread out so that it occupied about one-half the street. While the photographs in evidence would seem to indicate that at certain points the sand had spread out into the roadway for nearly one-half the width of the carriageway, this condition was not shown to be the condition existing at the time of the accident, and the photographs were admitted in evidence under the ruling of the court, "For general conditions I admit both." There were one or two witnesses who testify that this sand pile extended about halfway across the street; but none of them testify that this was true at the westerly end of the pile where the accident occurred, and the photographs in evidence for the limited purpose suggested

by the court, and the positive testimony of several of the witnesses, is to the effect that the sand pile at the point of the accident did not extend into the street to exceed 10 feet, and it was admitted that the street measured 34 feet between the curbs at this point, so that there was less than one-third of the street occupied at the place where the accident occurred, and there was, so far as the plaintiff is concerned, no nuisance at the point of the accident. The fact that the sand may have reached to the center of the street at a point farther along is of no consequence; he was not injured by reason of that fact, but because of the condition at the westerly end of the pile. As to that, the evidence is clear, we believe, that it was not intruding upon the highway beyond the limits fixed by the city ordinance. At least, the evidence introduced in behalf of the plaintiff does not show a nuisance at the point of this accident, and the case is to be determined upon the question of the negligence of the defendants in reference to guarding the pile of sand at the point of the accident. As we have already indicated, there is no evidence to show that the light which was properly placed and burning during the earlier part of the evening was out at the time of the accident; much less that it had been out any appreciable length of time before the happening of the accident, while the undisputed evidence is that the lantern was still warm when picked up after the accident. If the lantern was there at the time of the accident, and lighted, it was a sufficient warning upon a city street, over one-half of which was entirely unobstructed, and it was error, under the evidence, to submit the question of the defendant's negligence to the jury.

While it is probably true that the court was not entirely regular in submitting the questions to the jury, we would not think the irregularities fatal to the judgment; but under all of the circumstances, and with the defects in evidence pointed out, we are of opinion that the judgment should not stand.

The judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.