OLGA MROCZEK, as Administratrix, etc., of ANDREW MROCZEK, Deceased, Respondent, *v.* TOM SMOLENSKI and Another, Defendants, Impleaded with FRED B. DAVIS and Others, Doing Business under the Assumed Name and Style of THE MUNICIPAL CONSTRUCTION COMPANY, Appellants.

Fourth Department, March 17, 1926.

Motor vehicles — highways — action for death of guest in automobile — action against owner of automobile and individuals engaged in repairing highway — highway contractors had placed barrier across road with proper signs and had posted road with warning signals — no negligence shown as to highway contractors.

In an action to recover for the death of plaintiff's intestate, who was killed when an automobile in which he was a guest ran off an embankment on a highway which was under repair, the evidence does not show that the individual defendants, who were engaged in repairing the highway, were guilty of negligence, since it appears that they had erected a barrier across the road and placed a large sign thereon stating that the road was closed to traffic, and had posted the road some distance back with red flags and another sign stating that the road was closed to traffic, and since it appears, also, that the driver of the automobile did not observe the barrier until she was very close to it and then apparently lost control of the automobile and it went over the embankment. The defendants engaged in the construction of the highway apparently had taken all necessary precautions to warn people that the road was under repair and was closed.

HUBBS, P. J., dissents in part.

APPEAL by the defendants, Fred B. Davis and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Herkimer on the 12th day of June, 1925, upon the verdict of a jury for $2,700, and also from an order entered in said clerk's office on the 27th day of June, 1925, denying said defendants' motion for a new trial made upon the minutes.

*Bond, Schoeneck & King [George H. Bond* of counsel], for the appellants.

*Michael Yust [William F. Dowling* of counsel], for the respondent.

CROUCH, J.   The State road on the northerly side of the Mohawk valley runs east and west.   The Dyke road runs south from the State road to the village of Frankfort.   At a distance of fifty-three feet south of the intersection is the northerly end of a bridge or series of bridges which carries the Dyke road south across the valley.   The individual defendants doing business under the name The Municipal Construction Company were on July 25, 1923, engaged in construction work on the Dyke road just south of the bridges.   In the afternoon of that day they caused to be erected across the Dyke road just north of the north end of the bridge a barrier consisting of a two-by-six plank of new unused lumber set on wooden horses.   In the center was nailed a sign two feet by three, with the words " Road Closed to Traffic " painted in black on a white background.   The approach to the bridge from the State road was funnel shaped with the mouth of the funnel at the intersection of the two roads.   Vehicles going on or from the bridge followed the curve of the funnel on either side.   Along the margin of the westerly curve but parallel with the State road was set up a similar sign three feet by four, intended to warn east-bound traffic turning in from the State road.   Red flags made of bunting eighteen inches by twenty-four fastened at the end of sticks three feet long were nailed upon the top of the fence on the south side of the State road east and west of the intersection with the Dyke road.

The defendant Mary Karpinski, owning and driving a Ford car in which plaintiff's intestate was a passenger, within a few hours after the barrier and warning signs were put up, approached the intersection from the west, intending to cross to Frankfort on the Dyke road.   She was driving fifteen miles an hour.   As she turned in she slowed down to ten miles.   The day was bright and sunny. She saw neither the red flag nor the large warning sign along the westerly curve.   She did not see the barrier until the car was within from three to seven feet of it.   Then, she says: " I got kind of scared and then after that I don't know what happened with my car.   *  *  *   I tried to stop my car, I don't know after that, I was so scared or something I don't know what happened with me, I didn't stop my car, I don't know what after happened and where my car go."

As a matter of fact, the car swung around, broke through the fence on the easterly curve of the funnel and landed at the foot of

the embankment about twenty-two feet north of the north end of the bridge. Plaintiff's intestate was killed.

We think the judgment for plaintiff must be reversed. If the jury found the facts with reference to the barrier and warning signs to be other than as stated above, such finding was clearly contrary to the great weight of the evidence.

Upon the facts there was no negligence on the part of the Municipal Construction Company. They had the right to erect a barrier. Its location at a distance of from fifty to sixty feet from where it would be first visible to one turning in from the State road, taken in connection with the red flag and the large signs, gave ample warning and opportunity to stop to any ordinarily prudent and vigilant driver. It would be going far to hold that ordinary care exacted greater precautions or that a prudent person might have foreseen and anticipated such an accident as this.

Since there was no negligence, it is unnecessary to consider the question of causation which was the only other point pressed to our attention.

The judgment and order should be reversed on the law and the facts and a new trial granted, with costs to abide the event.

CLARK, SEARS, CROUCH and TAYLOR, JJ., concur; HUBBS, P. J., favors dismissal of the complaint.

Judgment and order reversed on the law and facts, and a new trial granted, with costs to appellants to abide event.