Cora, Appellant, *v.* Kingston Borough.

Submitted April 14, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Joseph A. Mulhern* and *James M. Stack,* for appellant.

*B. W. Davis* and *G. Fred Lazarus,* for appellee.

PER CURIAM, May 12, 1930:

Plaintiff sued in trespass to recover for the death of her son, who, she claimed, died from injuries due to the negligence of defendant borough; the jury found in her favor, but the court below entered judgment n. o. v.; she has appealed.

On July 6, 1927, between the prior midnight and one o'clock A. M., Edward Cora, a bachelor, thirty-one years old, met his death by driving an automobile into a rope barrier, stretched, about five feet above the ground, across a highway in defendant borough. The rope in question had suspended from it three red lanterns, one in the middle, and one at either side, some eight or ten feet from the curb line. These lanterns were all lighted and "were visible to a driver of an automobile at a distance of at least 1,000 feet......from the place of their location." In addition to these lights, there were two wooden standards at the rope, near the center of the driveway, containing notice that the street was closed and directing traffic elsewhere, "all plainly visible by an overhanging electric street arc light and other lights in the immediate vicinity," so that "the language on these signs was visible for a distance of 200 feet at the time of the accident."

Under the above stated facts, as to which there is no dispute, the court below was warranted in concluding as a matter of law that the barrier erected by the borough was a proper obstruction and that the lights in the vicinity and the red lanterns placed on the barrier "gave ample, sufficient, and reasonable warning......that the road was closed." This being a case where physical facts govern, the point whether or not defendant had performed its full duty in the premises could properly be ruled by the court, and the court did not err in ruling the point against plaintiff and entering judgment n. o. v. for defendant.

The judgment is affirmed.