HAZEL E. INMAN, Respondent, *v.* HARRY W. PATTERSON, Appellant.
JOHN P. INMAN, Respondent, *v.* HARRY W. PATTERSON, Appellant.
MARY INMAN, an Infant, by JOHN P. INMAN, Her Guardian ad Litem, Respondent, *v.* HARRY W. PATTERSON, Appellant.

Fourth Department, May 6, 1931.

*W. Earle Costello,* for the appellant.

*Floyd W. Annabel,* for the respondents.

PER CURIAM. In August, 1926, and prior to that time, under a contract with the State of New York, defendant was repairing a section of concrete State road between the villages of Ovid and Romulus in the county of Seneca; the southerly terminus of this section was about one-third of a mile northwesterly from the spot where the accident occurred upon which these actions are based.

Several hundred feet southwesterly from this spot the concrete road, as it ran northerly from the village of Ovid, started curving toward the northwest. At the point where the concrete road commenced to curve a dirt road ran straight on northerly. This dirt road was being used as a detour during the progress of the work. The great preponderance of the evidence is to the effect that on

August 12, 1926, some 500 feet south of the " V " marking the separation point of these two roads, two detour signs, posted by the county superintendent of highways, were located one on each side of the road, and that they had been so located for some weeks. These signs were of cardboard, in wooden frames and were held above ground by stakes. They bore the words " Construction Ahead. Detour," upon them in letters four inches to six inches high, the lettered sides facing the south. At least 200 feet north-westerly from the " V " mentioned a barricade placed by defendant was across the concrete highway on August twelfth, obstructing vehicular passage. The barricade was constructed of two-inch by six-inch planks, sixteen feet long, fastened in frames, and was about three feet high. On it was a sign reading " Road Closed " in letters four inches to six inches high.

On August 12, 1926, at about eleven A. M., plaintiff John P. Inman was driving his automobile northerly from Ovid. His wife and daughter, plaintiffs Hazel E. Inman and Mary Inman, were in the car. According to his own testimony, it was raining, the road was slippery, the only windshield cleaner upon his car operated by hand; before reaching the curve he was running at about thirty-five miles per hour; coming to the curve he slowed down to twenty-five to twenty-seven miles per hour; he did not see the barricade until within 50 to 75 feet from it, although he could have seen it when 150 to 200 feet from it; he applied his brakes, the car skidded, he turned it to the right of the end of the barricade off the concrete road, crossed a dirt shoulder and an old macadam road, ran into a ditch and the car turned over. The three persons in the car were injured and brought actions against the contractor defendant. The suits were tried together, and the jury awarded plaintiff John P. Inman $1,000; plaintiff Hazel E. Inman $5,000, and plaintiff Mary Inman $100. The appeals are from the judgments and from orders denying motions for new trials on the minutes.

Before defendant began the repair work northwesterly from the point where the accident occurred, the county superintendent of highways had officially closed the road to the northwest from the " V " point mentioned, pursuant to section 77 of the Highway Law, as it then read (Laws of 1924, chap. 460, § 1).* This section provided that in such instances the county superintendent " shall cause to be posted conspicuous notices to the effect that the highway is closed." The only obligations resting upon defendant in connection with the transaction involved in these suits are defined in this section and in defendant's contract with the State. Section 77

---

* Since amd. by Laws of 1927, chap. 88.— [REP.

required defendant to " erect suitable obstruction for closing said State (or county) highway " which is under repair. Nothing is said as to the character or location of the obstruction. It must be " suitable." The contract required defendant to put up suitable signs as directed by the engineer " to guide the traveling public around the portion which it is necessary to close, erecting a sufficient number of signs so that the temporary route shall be clearly indicated throughout its entire length." This without doubt refers to signs along the temporary highway and not to signs at approaches to the temporary highway advertising that the main highway is closed and that a detour is near at hand. The duty to post such signs clearly rested upon the county superintendent under section 77 of the Highway Law, and not upon defendant.

As stated, the evidence preponderates to the effect that suitable detour signs were located some 500 feet south of the curve. While this is immaterial in so far as defendant's obligations are concerned, it bears upon John P. Inman's obligations. That defendant did his full duty and his only duty in connection with this mishap cannot be gainsaid on this record. For even under the testimony of plaintiff John P. Inman, hereinbefore particularized, the barricade (" obstruction ") erected by defendant was suitable and suitably located to serve its purpose. (*Mroczek* v. *Smolenski*, 216 App. Div. 264.)

We do not approve of the finding of the jury that plaintiff John P. Inman was free from contributory negligence. But aside from that, the verdict in each action, in so far as it finds actionable negligence in defendant in the only respect which could furnish basis for recoveries by plaintiffs — namely, failure to furnish and properly locate a suitable obstruction to prevent users of the highway from getting upon the road being repaired — is so contrary to and against the weight of the evidence that the judgments should all be reversed on the law and facts and the complaints dismissed, with costs to appellant.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

In each case: Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.