## THOMAS v. CITY OF LEXINGTON.

(Division A. Nov. 20, 1933.)

[150 So. 816. No. 30850.]

A. M. Pepper and P. P. Lindholm, both of Lexington, for appellant.

Ruff, Johnson & White, of Lexington, for appellee.

Argued orally by **P. P. Lindholm** and **A. M. Pepper**, for appellant, and by **H. H. Johnson**, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a judgment in favor of the city of Lexington in a suit filed by the appellant against it, seeking to recover damages for personal injuries alleged to have been sustained by her when an automobile in which she was riding was precipitated head-on into a ditch or excavation across one of the city streets.

The evidence shows that the city employees, under the direction of the superintendent of streets, were engaged in replacing a wooden bridge or culvert with a concrete culvert. The wooden bridge or culvert had been removed and the ditch across the street excavated to a width of eight feet and a depth of seven feet, extending entirely across the street. The southern side or bank of this ditch had been cut down perpendicularly from the level of the street, and the dirt therefrom was piled along the north side of the excavation. This excavation was at the sharpest point of a ninety-degree curve which began about two hundred feet south thereof and extended eighty

feet beyond it to the north. The street throughout the curve is level and has a smooth gravel surface.

Near the south side of the excavation, but off the street on the outside of the curve, there were some water barrels, and lumber for concrete forms, and wheelbarrows; while on the inside of the curve, within ten or fifteen feet of the excavation, there was a pile of gravel about three feet high at its highest point, which extended out into the street, so as to leave only about six or seven feet of the traveled part thereof free of any materials or obstructions so far as the street surface was concerned. When the city employees quit work in the afternoon before the accident the following night, they placed a plank two inches thick, twelve inches wide, and eighteen feet long across the open traveled way. This plank was placed flat, with one end resting on the gravel pile and the other on a small timber on the opposite side of the open part of the street, thus causing the two-inch thickness of the plank to show to travelers approaching from the south. No other warning of any kind was placed to give travelers notice of the obstructions in the street and the dangerous excavation across it.

On the occasion that the appellant is alleged to have been injured, she was riding in an automobile as the guest of the owner and driver thereof. She was on the front seat of the automobile with the driver, while four other persons were on the back seat. About 8:30 o'clock at night this party was riding north along the street on which the excavation was located at a speed of from twelve to fifteen miles per hour. The testimony is to the effect that the automobile lights were in good condition and were burning, but that as the automobile traveled around the curve approaching the excavation the lights shown to the right, or outside of the curve; that there was no plank or other obstruction across the traveled portion of the street; and that without any warning whatever the automobile was suddenly precipitated head-

on into the seven foot deep ditch or excavation, thereby injuring the appellant.

The first contention of the appellant is that upon the evidence the appellee was guilty of negligence which contributed to her injury, and that a peremptory instruction on the question of liability should have been granted. As a general rule, the question as to whether or not signals or warnings against existing defects in a street are sufficient is one for the determination of the jury. Such is the case where the evidence is conflicting, or is such that reasonable minds might arrive at different conclusions; but where the evidence is undisputed and only the inference of negligence can be drawn from the proven facts as to the nature or character of the signals or barriers erected as a warning of a defective or dangerous condition in a street, the question of negligence in respect to the particular defect or obstruction or warning signal is one for the court. A city is required to exercise ordinary care to keep its streets in a reasonably safe condition for the use of the public, and in the case at bar we do not think it can be said, in any view of the facts, that the appellee exercised such care in the erection of signals or barriers to warn travelers in the nighttime of the highly dangerous condition of the street in question.

The appellee city of Lexington contends, however, that the accident and consequent injury was due solely to the negligence of the driver of the automobile in which the appellant was riding as a guest. There was evidence tending to show that after the accident the brakes of the automobile were in a defective condition, and it may be said that the evidence as to whether or not the driver of the automobile was guilty of negligence, which contributed to the injury, is conflicting; but, conceding that the driver was negligent in the operation of the automobile without proper brakes, or otherwise, under the facts in evidence here, this negligence was not imputable to the appellant. At the time of the accident the automobile was being operated at a very reasonable speed along

a hard surfaced street, and the evidence shows that the appellant had no notice of any defect in the automobile or street, and that she was entirely free from negligence. It seems clear to us that the negligence of the city proximately contributed to the injury, and that the negligence of the driver of the automobile, if any, was merely a concurring or contributing cause which rendered them joint tort-feasors. We think the jury should have been peremptorily instructed to find for the appellant on the question of liability, and that the cause should have been submitted to the jury for the assessment of damages only.

Reversed and remanded.