H. E. WOLFE CONSTRUCTION COMPANY, INC., v. NILA LAURE ELLISON, *et vir*.

174 So. 594.
Opinion Filed August 3, 1936.
On Rehearing May 21, 1937.
Second Rehearing Denied June 14, 1937.

*Gedney, Johnston & Lilienthal,* for Plaintiff in Error; *A. R. Johnson,* for Defendants in Error.

WHITFIELD, C. J.—H. E. Wolfe Construction Company, and Barco Motors, Inc., were together charged in each count of the declaration with negligence which resulted in the injury alleged. The verdict found for the plaintiff against the defendant, H. E. Wolfe Construction Company, Inc., in the sum of $10,000.00, and found the defendant, Barco Motors, Inc., not guilty. A motion for new trial was filed by the defendant, H. E. Wolfe Construction Company, Inc., which motion was denied upon the entry by the plaintiff of a remittitur in the sum of $2,500.00, the grounds of the motion for new trial being that the verdict is contrary to the law, contrary to the weight of the evidence, contrary to the law and the evidence and to the instructions given by the court to the jury, and is excessive; and that the court erred in refusing a directed verdict for H. E. Wolfe Construction Company, Inc. A judgment was rendered against the defendant, H. E. Wolfe Construction Company, Inc., in favor of the Plaintiff for $7500.00 damages, and judgment was also rendered against the Plaintiff in favor of the defendant, Barco Motors, Inc.

A writ of error to the judgment was taken by H. E. Wolfe Construction Company, Inc. The errors assigned are that the verdict is contrary to the evidence, contrary to the law, contrary to the law and the evidence and is excessive; the refusal of a directed verdict and a new trial for the defendant, H. E. Wolfe Construction Company, Inc.

The defendant, H. E. Wolfe Construction Company, Inc., who took writ of error, had a right to challenge the correctness of the verdict and judgment for the co-defendant, Barco Motors, Inc., as well as the correctness of the verdict and judgment against H. E. Wolfe Construction Company, Inc., in favor of the plaintiff. The two defendants were in effect charged with concurring negligence; both defended and the evidence applies to the negligence alleged against each of the co-defendants.

The evidence shows negligence on the part of the defendant, Barco Motors, Inc., that proximately contributed to the injury alleged; and as the plaintiff in error is injured by the verdict and judgment against it and in favor of its co-defendant below, the plaintiff in error should be entitled to relief when its motion for new trial challenged the verdict as an entirety as being contrary to the law and to the evidence. The motion for new trial was denied.

Section 4637 (2918) C. G. L, provides that "It shall be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as to it may appear according to law."

In view of the nature of the negligence charged against each defendant and of the evidence adduced and the verdict rendered complete justice in the cause can best be done

by reversing the judgment in its entirety for a new trial in due course of law.

ELLIS, P. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

BUFORD, J. (concurring specially).—Plaintiff in Error is a road construction contractor.

While repairing a portion of a State highway under contract with the State Road Department in Florida, the contractor, with the approval of the State Road Department, routed traffic around the place where the repair work was in progress by way of a designated detour and, to effectuate this purpose, set up a signboard eight feet long and six feet high directing the traffic to the detour. In the night time the contractor kept three adequate red lights burning on this obstruction or barricade which lights were amply sufficient to warn the public traveling on the highway of the location and position of the obstruction or barricade and to light the detour sign thereon.

Defendant in Error while a passenger by invitation in the automobile of another, was injured when the automobile was driven into the barricade in the night time. She sued the owner of the automobile and the contractor as tort feasors. She alleged that the automobile was so negligently driven and handled as to cause the accident and injury and,

"That on to-wit: July 13th, 1934, the defendant, H. E. Wolfe Construction Company, Inc., was engaged in the construction and repair of a certain public highway known as Dixie Highway between Town of Ojus and the City of Miami in Dade County, Florida, and did construct and maintain a certain barricade upon said highway approximately thirty feet (30′) south of the county line separating Broward from Dade County, Florida; that said highway

was at point of barricade and for many miles north therefrom a smooth paved highway used extensively by the public in automobiles entering the City of Miami; said highway at point of barricade being approximately nineteen feet (19') in width and said barricade being approximately one hundred feet (100') south of an easterly curve in said highway; that said defendant, H. E. Wolfe Construction Company, Inc., so negligently and carelessly constructed and maintained said barricade as to make it dangerous to life and property of persons using said highway at night time in this to-wit: said barricade consisted of a solid wall of boards approximately seventy inches (70") high, six feet twenty-two and a half inches (6' 22½") in width, held together by certain large heavy timbers securely nailed and behind said barricade and as a support thereof was piled approximately three (3) tons of rock, part of which extended approximately eighteen inches (18) out and over the highway on both ends or sides of said boarded wall aforesaid; said barricade not being illuminated nor otherwise lighted, in a manner to give warning to motorists upon said highway."

"And for second count, plaintiff says: that on to-wit: July 13th, 1934, H. E. Wolfe Construction Company, Inc., being engaged in the construction of a certain public highway in Dade County, Florida, between Ojus and Miami, Florida, did build, construct and maintain a certain barricade upon said highway near the county line separating Broward and Dade County, in such a negligent and careless manner as to be dangerous to life and property of persons traveling upon said highway at night time in this to-wit: said barricade consisted of a board wall approximately seventy inches (70") high, approximately six feet twenty-two and a half inches (6' 22½") in width, held

together with certain other timbers securely nailed; behind this boarded wall and as a support thereof was piled several tons of rock, part of which extended out over the highway and beyond the ends of said boarded wall to a distance of approximately eighteen inches (18″); said barricade being located south of an easterly curve in said highway whereby the lights from an approaching automobile upon said highway would not shine upon said barricade until said approaching automobile had completed the curve and would thereby be within approximately seventy-five feet (75′) of said barricade; that defendant failed and neglected, upon the night of July 13th, 1934, to have said barricade illuminated or otherwise lighted in such a manner as to give approaching motorists warning of its presence, nor did defendant have other means of warning to motorists upon said highway of the presence of said barricade."

There were other similar allegations in nowise materially different from these.

The jury found in favor of the defendant automobile owner and against the contractor.

The obstruction placed on the highway was not an unlawful one when considered in connection with the purpose for which, and the manner in which, it was being used. It was properly lighted and so arranged to give reasonable and prudent persons traveling on the highway, fair warning and opportunity to pursue a safe and convenient way to proceed on a journey in that locality. Such sign and obstructions are required for the safety and convenience of the traveling public.

No such negligence as is alleged in the declaration to have been committed by the contractor is shown by the evidence to have been so committed by it.

The testimony of the driver of the automobile shows affirmatively that he was at the time driving the automobile in such a manner as to be guilty of negligence as defined by this Court in the opinion in the case of Union Bus Co. v. Smith, as Administrator, 104 Fla. 569, 140 Sou. 631, in which we held: "Driving automobile in joint enterprise at rate preventing its control within driver's vision constituted negligence, preventing recovery for death of driver's companion it contributed thereto."

In the instant case neither the question of joint enterprise nor of contributory negligence is presented. But the rule, that to avoid being guilty of actionable negligence the driver of an automobile must so operate the automobile as to have it in control within his vision is applicable. If his scope of vision is shortened on a curve he must proportionately reduce his speed. His speed must be such that he can safely stop his automobile after an obstruction comes within the range of his vision and before coming in contact with the obstruction; and all this must be with the assumption that he is complying with that other duty to keep a constant lookout ahead as far as his range of vision for obstructions or other travelers on the highway, and that he constantly performs that other duty to keep on the right of the center of the highway except when passing another traveler going in the same direction in which he is proceeding.

All of these rules were violated by the driver of the automobile in the instant case, as is shown by his own testimony.

In a case like this the Supreme Court of the State of Utah, 38 Pac. 2nd Ed., page 743, said: "For the purposes of this opinion it may be assumed the driver of the car was guilty of negligence. There is certainly sufficient evidence in the record to support such a finding. This, of itself, would not defeat a recovery by plaintiff, unless it

be found that the negligence of the driver was the sole proximate cause of the accident without negligence on the part of the defendant which proximately caused or contributed to the happening of the accident, or that it was the sole proximate cause of the accident, notwithstanding the negligence on the part of the defendant, if any. Lewis v. LaNier, 84 Colo. 376, 270 P. 656. These questions were properly submitted to the jury by appropriate instructions.

"The question of whether or not plaintiff was guilty of negligence which proximately caused or contributed to the happening of the accident was properly submitted to the jury by appropriate instructions. It is not contended by appellant that the negligence of the driver was or could be imputed to plaintiff. Plaintiff was riding in the rumble seat with the top of the car partly, at least, obstructing his view of the road. A guest is not charged with the same degree of attention to the road as is a driver. Evidence of the speed at which the car was driven was in conflict. Plaintiff was familiar with the road and had knowledge of construction work being done in the general locality. He testified he did not see or know of the particular obstruction at the place where the accident occurred. He was not required to warn the driver until something challenging had brought possibility of danger to his attention. Clearly it was for the jury to say whether or not he failed to do what an ordinary prudent person, being a guest in the car, would do under the circumstances and, if negligent, to determine whether such negligence was a proximate or contributing cause of the accident."

And, in that opinion, the Court also said: "For the purpose of this decision the legal sufficiency of the barricade must rest on the evidence produced on behalf of the plaintiff. This shows that the barricade extended across the

entire paved highway, was 5 or 6 feet high, composed of two or three planks fastened to uprights, and that two lighted red lanterns were hanging on the barricade, one on each side of the highway, and that there was a detour sign on the barricade. The lights were seen by Butterfield, the driver of the car, when approximately 600 feet up the road. Another of plaintiff's witnesses testified he saw them when 150 to 200 feet away.

"If the barricade, sign and lights as described by these witnesseses were sufficient in law, then the verdict should have been directed or a non-suit granted. Respondent argues not only that the barricade itself was insufficient, but that it was located so close to the cut in the pavement that the driver could not stop his car after seeing and striking the barricade and before running into the ditch. It is well settled that such sign or obstruction is required to be only a warning and is not required to be at such location or of such size and strength as to effectively prevent a car driven against it from going through it and into the excavation beyond. City of Amarillo v. Rust (Tex. Civ. App.) 45 S. W. (2d) 285."

And then the Court said: "The rule with respect to when the Court may, on undisputed evidence, determine the sufficiency of a barrier placed on the street as a warning, is well stated in Thomas v. City of Legington, 168 Miss. 107, 150 Sou. 816, 817. The court, while holding a barrier placed in front of an excavation was insufficient as a matter of law, stated the rule as follows: 'As a general rule the question as to whether or not signals or warnings against existing defects in a street are sufficient is one for the determination of the jury. Such is the case where the evidence is conflicting or is such that reasonable minds might arrive at different conclusions; but where the evi-

dence is undisputed and only the inference of negligence can be drawn from the proven facts as to the nature or character of the signals or barriers erected as a warning of a defective or dangerous condition in a street, the question of negligence in respect to the particular defect or obstruction or warning signal is one for the court.'

"We hold to the view that the barricade and sign with red lights burning as shown by plaintiff's witnesses were sufficient warning to meet the requirement of due care on the part of the contractor. Reasonable men can not well differ in reaching this conclusion. The court should have withheld the case from the jury and directed a verdict. Cases tending to support this view are the following: Cora v. Borough of Kingston, 300 Pa. 159, 150 A. 384. Tagge v. City of Roslyn, 51 Wash. 258; 98 Pa. 668; Inman v. Patterson, 232 App. Div. 379, 249 N. Y. S. 596; Butcher v. City of Racine, *supra;* Carlson v. City of New York, 150 App. Div. 264, 134 N. Y. S. 661; Mroczek v. Smolemski, 216 App. Div. 264, 214 N. Y. S. 668."

The above quoted statements are supported by ample authority and I think correctly state legal principles.

Ellis, P. J., and Terrell, J., concur.

Davis, J. (concurring in conclusion of Whitfield, C. J.).—In an action filed by defendant in error as plaintiff below, the plaintiff in error as defendant below, went to trial on two pleas: "Not guilty" and "contributory negligence." The jury's verdict against the H. E. Wolfe Construction Company, Inc., found damages in the amount of $10,000.00, which amount the court below ordered remitted to the sum of $7,500.00. Barco Motors, Inc., which was a joint defendant with H. E. Wolfe Construction Company, Inc., was found not guilty. The court below, in denying a motion for a new trial on behalf of H. E. Wolfe Con-

struction Company, Inc., recites in the order that: "It is the view of the court that the evidence is ample to sustain a verdict against the defendant."

The action as originally filed was against both the owner of a car in which plaintiff was riding at the time of her injury, and against H. E. Wolfe Construction Company, Inc., whose alleged negligence in building and maintaining a barricade across the public highway was the cause of the injury sued for. The gist of the actionable negligence alleged against the H. E. Wolfe Construction Inc., in the several counts of the declaration is in substance that said defendant erected and maintained a barricade across the Dixie Highway near the south line of Broward County consisting of a solid wall of boards approximately 70 inches high and approximately 6 feet, $2\frac{1}{2}$ inches, in width, placed in the center of said highway, behind which was piled a large amount of rock and upon which barricade defendant caused to be placed three small red lights in such a manner and so arranged as to resemble a truck upon said highway, but without placing or causing to be placed any other light or warning of said barricade upon said highway which would be cautionary to automobiles using said highway in the night time unaware of the existence of the barricade.

The evidence in the case is substantially to the following effect:

The plaintiff, Nila Larue Ellison, aged nineteen years, wife of W. A. Ellison, living in the City of Lake Worth, Florida, on the evening of July 13, 1934, with her husband, was invited by J. O. White and his wife to go riding with them in an automobile which White had obtained from an agent of Barco Motors, Inc., for the purpose of demonstration. Plaintiff and her husband occupied the rear seat

of the automobile and J. O. White and wife occupied the front seat with White driving.

They proceeded south upon the Dixie Highway commonly known as the Federal Highway until near the south line of Broward County, at which place the highway, a smooth concrete road being the main artery of ingress and egress to the City of Miami, makes a curve from the south to the southwest, then turns due south. White was driving between forty and fifty miles per hour as he entered the curve; he took the curve on the inner circle or left hand side of the road, at some point in making this curve or as he came out of it, he observed two small red lights ahead of him upon the highway, which to him appeared to be the rear end of a truck; the highway was twenty feet wide and having completed the curve on the left hand side, he drove his car at more or less a diagonal course across said highway, gradually making the right hand side and in doing so the headlights of his car did not shine upon the object retaining the two small red lights, which he presumed to be the rear end of a truck until his car was fully straightened out in the highway and pointing to the south, at which time he was then within about fifty feet of the two small red lights which he previously observed. He then discovered from his headlights that there was a barricade in the highway upon which these two small red lights were placed. He immediately applied his brakes and attempted to steer his car to the left, but on account of rock and gravel on the highway his car skidded and rolled sideways into the barricade. He testified he could have stopped the car within the distance from which he first discovered the barricade had it not been for the rock scattered upon the highway at that point.

This accident occurred about 9:30 o'clock at night. The

barricade was constructed and maintained by the defendant, H. E. Wolfe Construction Company, Inc., and had been placed in the highway a few days before the accident. The barricade consisted of both boards and rock; the boards were a solid wall six feet high and eight feet wide, braced behind with timbers to give it a base and hold it in position. This boarded part of barricade was placed in the center of the highway a few feet south of the south line of Broward County and within the County of Dade. Directly opposite this barricade, to the east, was a filling station, the driveways or entrance to which extended out to and connected with the highway. On the night of the accident, a small sign used by the filling station stood in the driveway next to the highway, but there was room by which a car might pass between the barricade and the small sign. Directly behind this wooden portion of barricade, the defendant had piled about four and one-half tons of Ojus rock, which scattered out over the highway and beyond the ends of the boarded part of the barricade covering all of the twenty-foot highway except about eighteen inches on either side. The actual construction work on the road was a mile or more south of the barricade and automobiles and trucks of the defendant, with perhaps a few automobiles by residents living south of the barricade, who had no other way of getting in and out, passed back and forth through the space between the filling station and the barricade to the north where the highway was open, there being some testimony that a machine might be able to get by the barricade on the west side.

At a point a short distance north of the barricade, possibly thirty or forty feet, is a paved road connecting at right angles with the highway on which the barricade was built and extending west over the F. E. C. Railroad tracks con-

necting with a paved highway running parallel with the highway on the east side of the tracks. This detour sign was intended to turn the traffic coming from the north toward Miami across the railroad to the highway on the west side of the tracks. At this crossing and for some little distance north, the highway is very wide as an asphalt road extending in a northerly direction connects with the Federal Highway in a V-shaped manner but ends at the crossing, which, as above stated, was thirty or forty feet north of the barricade and the highway at point of barricade was a twenty-foot highway. Neither J. O. White, the driver of the car, nor plaintiff had been upon the highway since the erection of the barricade nor did either of them know of the existence of the barricade.

White was an experienced driver of many years and had owned and operated cars of the type he was driving on this night. He had been to Miami over this highway nine days before or on the 4th day of July. The barrier was not on the highway at that time but he knew repair work was being done on some highway farther south, but on his last trip, July 4th, no barricade had been constructed. As a result of the collision, plaintiff, a passenger in the car, sustained serious and permanent injuries.

When a case comes to this Court on writ of error to a judgment at law the assignments of error, *and the assignments of error alone,* constitute the sole basis for a reversal of the judgment, if it be reversed at all. Such assignments of error in the appellate court are in the nature of a declaration against the correctness of the judgment appealed from. Such judgment, in all other respects, is presumed to have been validly entered and correctly arrived at by due course of legal procedure. Davidson v. Bezant, 101 Fla. 1296, 132 Sou. Rep. 488; St. Andrews Bay Lumber Co.

v. Bernard, 106 Fla. 235, 143 Sou. Rep. 160; Streeter v. State, 89 Fla. 400, 104 Fla. 858.

The sole predicate for an assignment of error is an incorrect ruling of the trial judge on some question of evidentiary, procedural or pure law presented to him in due course.

Assignments not predicated on a court ruling have no place in the record. Gilcrease v. State, 94 Fla. 1189, 116 Sou. Rep. 501.

In the present case there are, under the foregoing rules of law, but two valid assignments of error that can be considered, as follows: (1) ASSIGNMENT NUMBER FIVE: The Court erred in refusing the motion of the defendant H. E. Wolfe Construction Company, Inc., for a directed verdict at the close of plaintiff's case; (2) ASSIGNMENT NUMBER SIX: The Court erred in denying the motion of H. E. Wolfe Construction Company, Inc., for a new trial.

The motion for a new trial challenges as erroneous nothing in the court's charges given or refused. The sole grounds of that motion are the purely formal ones, (1) that the verdict is contrary to the law; (2) that the verdict is contrary to the evidence; (3) that the verdict is excessive. The proposition that the court erred in refusing to direct a verdict for defendant *at the close of plaintiff's case,* although separately assigned, appears also in the motion for a new trial.

In my opinion the judgment for plaintiff should be affirmed.

Here the cause of action sued on was an alleged *concurrence* of negligence on the part of H. E. Wolfe Construction Company and Barco Motors, Inc., the owner of the car in which plaintiff was riding. Plaintiff herself was a mere guest in the car. So contributory negligence on the part

of the car driver, even if we assume that there was such negligence, cannot be imputed to her. In this particular this case is on all fours with Seaboard Air Line Ry. Co. v. Watson, 94 Fla. 571, 113 Sou. Rep. 716, and she is entitled to recover, even if Barco Motors, Inc., through its agent and driver, was contributorily negligent in running into the highway barricade under the circumstances shown.

But the jury found Barco Motors, Inc., not guilty of any kind of negligence, contributory or otherwise, and judgment to that effect on the jury's verdict has been entered. That judgment, being a part of the proceedings before us on appeal seemingly is a conclusive adjudication to the effect that Barco Motors, Inc., was not guilty of any negligence that was the proximate cause of plaintiff's injury. And by the same token such judgment operates as an adjudication that J. O. White, the driver for Barco Motors, Inc., was likewise not guilty of any negligence. The last proposition is so because an adjudication that the principal did not commit a tort through the alleged agent mentioned in the declaration must necessarily mean that the agent was likewise not guilty. Williams v. Hines, 80 Fla. 690, 86 Sou. Rep. 695.

The contention that H. E. Wolfe Construction Company, Inc., is not liable as a matter of law means in substance that although the jury acquitted Barco Motors, Inc., of any negligence at all, proximate or contributory, as a cause of plaintiff's injury, and although the court below has duly entered final judgment to that effect, thereby making the jury's finding conclusive in law on the proposition that the alleged joint tort feasor, Barco Motors, Inc., was without any fault at all, yet this court on writ of error, without having before it any assignment of error or other attack on the judgment rendered in the court below in favor of said Barco Motors, Inc. (as one of the two alleged jointly liable

tort feasors) will in effect disregard the legal significance of the Barco Motors, Inc., judgment of acquittal and thereupon convict it upon a trial *de novo* in the Supreme Court, notwithstanding an unchallenged judgment of the Circuit Court declaring it wholly blameless for plaintiff's injuries.

This is necessarily so, because plaintiff was admittedly a mere guest in the car of Barco Motors, Inc., one of the alleged jointly liable tort feasors charged with having occasioned her injuries and there is nothing tending to show that she was at all guilty of any personal contributory negligence on her own part. It follows, therefore, as a matter of course, that either Barco Motors, Inc., or H. E. Wolfe Construction Company, Inc., must have become liable to plaintiff under the circumstances. Especially is this true in view of the undenied fact that she was injured and that her injury was occasioned by either the sole negligence of Barco Motors, Inc., or the sole negligence of H. E. Wolfe Construction Company, Inc., or by a concurrence of negligence on the part of both of these defendants. So a reversal of the judgment on a finding that there was negligence on the part of Barco Motors, Inc., and that such negligence of Barco Motors, Inc., and its driver, J. O. White, was the sole proximate cause of the injury sued for, is in derogation of the unreversed and unchallenged judgment of the Circuit Court that found Barco Motors, Inc., wholly without negligence and acquitted it, and upon the principles laid down in Williams v. Hines, 80 Fla. 690, *supra,* likewise acquitted the driver, J. O. White, of any such negligence.

The motion for a directed verdict was made at the close of plaintiff's case, not at the close of all of the evidence. At that point in the trial the case was clearly not within the rule of the Utah case (Nielsen v. Christensen-Gardner, Inc.,

85 Utah 79, 38 Pac. Rep. [2nd] 743) so confidently relied on by plaintiff in error and the majority opinion as the sole supporting authority for reversal. This is so because plaintiff's evidence alone, at the time the motion for directed verdict was interposed, was clearly not of a character to resolve the sufficiency of the barricade warnings into a question of law for the court to decide at that stage of the trial by taking it away from the jury. On the contrary, practically the whole of defendant's testimony adduced *after* plaintiff rested was directed to the end of trying to make out a defense in law within the terms of the Utah decision just cited. So there was clearly no error in overruling the motion for a directed verdict at the close of plaintiff's case, whatever may have been the propriety of such a motion at the close of all of the evidence. But no motion for a directed verdict was made at the close of all of the evidence, or if there was, no error has been assigned concerning it. Furthermore, had there been such a motion then made, the trial court could only have granted a motion for a directed verdict in favor of H. E. Wolfe Construction Company, Inc., by finding as a matter of law at that time that Barco Motors, Inc., was solely guilty, since it is evident from the testimony that there had been established no contributory negligence on the part of plaintiff as a guest in the car. That J. O. White was driving the car in question as the agent of Barco Motors, Inc., at the time of the collision with the barricade (although originally denied by a special plea) was also established beyond question, is equally clear.

So at the time the case went to the jury it was submitted to the jury under the following instruction given by the trial court—an instruction that was no wise excepted to by defendant H. E. Wolfe Construction Company, Inc., at the time it was given, nor at any other time. Nor has its

correctness been questioned in the briefs filed by plaintiff in error in this court:

"2. The Court instructs the jury that it is the duty of any corporation or person who constructs and maintains a barricade upon the public highway of this state to use such reasonable care and caution in the construction and maintenance of said barricade as will not result in injury to persons lawfully using said highway in the usual and customary manner and if you believe from a preponderance of the evidence in this case that the defendant, H. E. Wolfe Construction Company, did construct and maintain a barricade upon the public highway, as charged in the plaintiff's declaration, then you are instructed, as a matter of law, that in arriving at a conclusion of whether or not said defendant did use reasonable care and caution in the construction and maintenance of said barricade, you should consider the manner of construction of said barricade, the materials used in the construction, the warnings, if any, placed upon or near said barricade, the sufficiency of said warnings, if any, to persons in the lawful use of said highway, the kind and amount of traffic, if any, upon said highway, the speed or lack of speed with which traffic, if any, ordinarily moved upon said highway at point of said barricade, the width and surface of the highway at and near said barricade, the curves or lack of curves in the highway near said barricade, the lights or lack of lights upon or near said barricade, the sufficiency or insufficiency of said lights, if any, to give warning of the presence and location of said barricade, together with all the other facts in the case as shown by the evidence in determining the question of negligence or lack of negligence on the part of the defendant, H. E. Wolfe Construction Company, in this case."

The charge in question was equivalent to a finding by the

Court that the adequacy of the barricade lighting to constitute a proper warning sufficient to avoid the allegation of negligence was a jury question under the evidence and not a pure question of law as argued by plaintiff in error. By failing to except, or object to the charge at the time it was given, plaintiff in error has become estopped to now question in the appellate court for the first time a ruling of the trial court that is not covered by an assignment of error. McSwain v. Howell, 29 Fla. 248, 10 Sou. Rep. 588; Hartford Fire Insurance Co. v. Hollis, 58 Fla. 268, 50 Sou. Rep. 985.

Assuming the charge of the court to correctly state the applicable law of the case, as we must, inasmuch as no exception was taken to it, a verdict of the jury finding the facts within the rule of law thus charged cannot be said to be contrary to law. A verdict in accordance with the unexcepted to charges of the trial court is not a verdict contrary to law, since the unexcepted to charges of the court constitute the law of the case for the purposes of the trial and subsequent appeal, if one is taken. 20 Ruling Case Law, par. 55, at page 271. Therefore the verdict was not contrary to law.

That it was not contrary to the weight of the evidence *qua* proof of the matters required to be found, as facts within the terms of the unexcepted to charges given, was affirmatively found by the trial judge, and, indeed, no contrary finding is intimated in the majority opinion. So the verdict was not against the evidence.

It is unquestionably the duty of a construction company to place and maintain during the time of darkness such warning signals as will enable automobilists driving in the usual, ordinary and customary way and with ordinary care to discover unusual and not to be expected hazards or

dangers placed in the highway by the construction company. Melican v. Whitlow Construction Co. (Mo.) 278 S. W. 361; Evans v. Shea Bros. Construction Co., 194 N. C. 31, 138 S. E. Rep. 411; Owens v. Fowler, 32 Fed. (2nd) 238; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 Sou. Rep. 610.

The driver of a vehicle on the highway is not under a duty to be on lookout for obstructions; but in absence of knowledge has the right to presume the highway to be free of foreign barricades and the like and to drive accordingly. Morgan Hill Paving Co. v. Fonville, 119 Sou. Rep. 610, *supra.* O'Rourke v. McConaughy (La.), 157 Sou. Rep. 598; Huddy Encyclopedia Automobile Law, Vol. 9-10, Section 242, page 381, *et seq.*

It is also the general and indeed the universal rule in the United States, and especially in the State of Florida, that, in a suit for personal injuries to a mere passenger in an automobile brought against a highway contractor, resulting from the defendant's alleged negligent failure to maintain proper lights on detour sign placed by him obstructing the highway, questions whether driver was operating automobile with due care at time of collision with contractor's detour barricade, and whether highway contractor had discharged his duty of maintaining *proper and adequate* lights and signals on the highway obstruction are not matters of law for decision by the court but are for the jury to decide under proper instructions. Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 Sou. Rep. 610, *supra.* Melican v. Whitlow Construction Co., 278 S. W. Rep. 361, *supra;* Stockton Automobile Co. v. Confer., 154 Cal. 402, 97 Pac. Rep. 881; City of Albany v. Black, 124 Ala. 359, 108 Sou. Rep. 49. The general rule to the foregoing effect is thus succinctly stated by the Supreme Court of Alabama as

follows: "It must of course be conceded that, as a general rule, the sufficiency of signals or barriers to give reasonable warning or security against existing danger, *especially with respect to their character, number and arrangement,* is a question of fact for the jury." (Emphasis supplied.) Kearns v. Mobile Light & R. Co., 196 Ala. 99, 71 Sou. Rep. 993.

Now in the present case, it is conceded by the plaintiff in error, that any mere contributory negligence of J. O. White, driver for Barco Motors, Inc., in driving the automobile against the barricade in question, cannot be imputed to Mrs. Ellison, the plaintiff, who was a mere guest in the car at the time she was injured. "A passenger or guest in a vehicle is not barred from recovery for harm resulting from the negligence of a third person by the contributory negligence of his carrier or host." A. L. I. Torts (Negligence), Sec. 490, page 1272. Therefore, even if the driver, J. O. White, was negligent in his operation of the vehicle in which Mrs. Ellison was riding, such negligence, unless the sole proximate cause of the collision with the barricade constructed by the highway contractor, cannot defeat plaintiff's guest's recovery against the defendant contractor. Nielsen v. Christensen-Gardner, Inc., 85 Utah 79, 38 Pac. Rep. (2nd) 743.

A critical examination of the last cited case (Nielsen v. Christensen-Gardner, Inc., *supra,* which is the sole reliance of the plaintiff in error, and the only authority that has been cited to bolster up the contention that Wolfe Construction Co., Inc., is not liable as a matter of law shows that it is not in point on the present controversy.

But even if it were, it is an authority from a foreign jurisdiction greatly removed from the legal traditions of the State of Florida. Interpreted as contended for by

plaintiff in error, the Utah decision is altogether out of harmony with the clear-cut decisions of our neighboring State Alabama in Morgan Hill Paving Co. v. Fonville, *supra,* and Fearns v. Mobile Light & R. Co., *supra,* if it may be construed to hold that a debatable controversy with respect to the *character, number and arrangement* of lights on a highway barricade presents a question of law for the court to decide, instead of one of fact to be tried by the jury in a case like the present. Here there is proof in evidence ample to support a finding by the trial jury that the particular lights here relied on as legal warnings of barricade were inadequate and non effective for the purpose and therefore did not constitute a substantial method of notifying automobilists of the obstruction around a curve that had been erected by the contractor on one of the most traveled highways in Florida—the Dixie highway. The Alabama cases on this point are more in harmony with our own decision in Brinson v. City of Mulberry, 104 Fla. 248, 139 Sou. Rep. 792, where we recognized, by reversing a judgment based on a directed verdict for defendant, that such questions as are here presented are questions of fact and not questions of law, where there has been raised a substantial issue of the adequacy of a protective means such as the sufficiency of lights on a place of danger.

The trial court submitted to the jury the question of the adequacy of the warning lights on the contractor's barricade to warn automobilists under the circumstances of the collision. The barricade involved in this case was placed around a curve on a state highway especially built and invited to be used by the public at a speed of 40 to 50 miles an hour. The Utah case (Nielsen v. Christensen-Gardner, Inc., *supra*) involved a barricade admittedly visible to automobile drivers at 600 feet, placed on a straight highway

that had been ordered entirely closed by state authorities for the purpose of general repairs. No issue was raised in the Utah case as there was here by proof presented to the effect that the nature of the lights on the barricade were calculated to mislead or deceive automobile drivers as to their true character and purpose. So the Utah case in point of fact is not in point on the present controversy, even if it be conceded that it is not out of harmony with our own and the Alabama decisions with respect to the functions of the court and the jury with respect to the right to decide the issue of adequacy of warning.

The unfortunate consequence of a decision refusing to review the judgment as an entirety so that the cause can proceed to trial *de novo* is that it would leave this young woman plaintiff, whose body has been negligently injured for life by someone, in the incongruous plight where she could not recover damages from anyone. This is so because she could not recover from Barco Motors, Inc., without reversal because the Circuit Court has entered its judgment to the effect that H. E. Wolfe Construction Company, Inc., alone is culpable for the injury. Without disturbing the Circuit Court judgment in favor of Barco Motors, Inc., plaintiff likewise cannot recover any damages from H. E. Wolfe Construction Company, Inc., even though in the opinion of some of the justices of the Supreme Court Barco Motors Inc., and its driver, J. O. White, should have been held responsible as the sole proximate cause of the plaintiff's injuries. Thus in a situation where one tort feasor at least is admittedly guilty if the other is not, both would be permitted to escape liability altogether, if the judgment is not reversed as a whole—a result which is so contrary to every conception I have of practical justice that I cannot subscribe to it. I therefore concur in the opinion and conclusion of

Mr. Chief Justice WHITFIELD, although I prefer affirmance of the judgment as entered.

### ON REHEARING

BROWN, J.—While the H. E. Wolfe Construction Company, Inc., and Barco Motors, Inc., were together charged in each count of the declaration with negligence which resulted in the injury alleged, the two defendants were not charged with the same negligent acts. The Construction Company was charged with negligence in the construction of the barricade across the road and in the failure to maintain proper warning lights thereon in the night time, whereas Barco Motors, Inc., was charged with negligence in that the driver of its automobile was negligent in failing to keep a proper lookout, etc.

The trial Judge properly charged the jury, among other things, as follows:

"Gentlemen of the jury, I further charge you that in an action of this nature where there are two defendants, their liability is joint and several, and if you should find that the injuries complained of were caused by the negligence of both defendants, then you should bring in a verdict in favor of the plaintiff and against both defendants, but if you should find that said injury was caused by the sole negligence of Mr. White, the driver of the automobile belonging to Barco Motors, Inc., and that the defendant, H. E. Wolfe Construction Company, Inc., was not negligent and that Mrs. Ellison did not contribute to said negligence then you should find in favor of the defendant, H. E. Wolfe Construction Company, Inc., and against the defendant Barco Motors, Inc., but on the other hand, if you should find that said injury was caused by the sole negligence of H. E. Wolfe Construction Company, Inc., and that Mr.

White was not negligent and that Mrs. Ellison had not contributed to the negligence of Mr. White, then you should find for the plaintiff and against the defendant, H. E. Wolfe Construction Company, Inc., and against the plaintiff and in favor of Barco Motors, Inc."

The verdict of the jury was in effect two separate verdicts. The language of the verdict was:

"We, the jury, find for the plaintiff and against the defendant, H. E. Wolfe Construction Company, Inc., and assess plaintiff's damages at $10,000.00"

"We find the defendant, Barco Motors, Inc., not guilty."

"So say we all."

The judgment, while single and complete, was also separable and in effect two separate or several judgments. After making the usual preliminary recitals and setting out the verdict, and reciting that the defendant Construction Company had filed its motion for a new trial (which, upon consideration, and after the entry of a required remittitur of $2500.00, was denied), the court, in a separate paragraph, rendered a judgment in favor of the plaintiff and against the defendant Construction Company in the sum of $7500.00, and then in another and separate paragraph rendered a judgment to the effect that the plaintiff take nothing as to the defendant, Barco Motors, Inc., and that said defendant go hence without day.

The defendant, Wolfe Construction Company, Inc., served the plaintiff with notice of rehearing or motion for new trial, but Barco Motors, Inc., was not served and was not present at the oral argument thereon.

While the writ of error as issued followed the usual form, and brings before this court the entire judgment, on this rehearing our attention is called to the fact that in its praecipe for writ of error, the Construction Company only

required the issuance of a writ of error in the cause to review the final judgment rendered against it, the Construction Company. Also, according to the record, it served a copy of its complete assignment of errors only upon the plaintiff, no service being shown upon Barco Motors, Inc. The same course was pursued with reference to directions for making up the transcript and service of copy of the briefs filed in this court. All these papers were served only upon the defendant in error here, and not upon Barco Motors, Inc. When oral argument was originally had in this court no notice of same was given to Barco Motors, Inc.

The motion for new trial filed by the Construction Company in the court below was general in form. No motion for new trial was filed by the plaintiff in the court below complaining of the verdict rendered against her and in favor of Barco Motors, Inc.

No summons and severance was asked for or obtained in this cause after it was lodged in this court.

Upon further consideration of the case, we are of the opinion that the H. E. Wolfe Construction Company, Inc., has no right to complain now of the judgment rendered in the court below in favor of Barco Motors, Inc. If the plaintiff, Nila Larue Ellison, joined by her husband, might have complained, she did not do so.

So, it appears that the plaintiff in error in this case has not, by its assignments of error relied on here, or by any of the proceedings adopted by it to bring the case to this court, or by its briefs filed here, evinced any intention prior to this rehearing, to challenge the judgment rendered in favor of its co-defendant, Barco Motors, Inc., in the lower court. See in this connection Streeter v. State, 89 Fla. 400, 104 So. 858; Davidson v. Bezant, 101 Fla. 1296, 132 So. 488. In one part of its original brief plaintiff in

error says: "We are not concerned with the pleas of the defendant, Barco Motors, Inc." And on page 9 of said brief it is said:

"While the pleadings of the defendant, Barco Motors, Inc., are not all included in the transcript, nevertheless all. of the evidence is before the court and the original exhibits are certified to the court, so that there is before the Supreme Court a full and complete record of the case as pertains to the appellant. *Barco Motors, Inc., having been found not guilty, was therefore no longer interested in the case and we did not deem it necessary to include its pleadings in the record."* (Italics supplied.)

The rule is too well settled to call for citation of authorities that in an action of this kind, where two or more wrongdoers are charged with negligently contributing to causing personal injury to another, by their several acts or omissions operating concurrently, they are jointly and severally liable, and the jury may, according to the evidence, find both guilty, or one of them guilty and the other not guilty. A co-defendant in such a case cannot complain of the verdict rendered in the other defendant's favor, because there can be no contribution among joint tort feasors. See 13 C. J. 828; Louisville & N. R. Co. v. Allen, 67 Fla. 257, 65 So. 8; S. A. L. Ry. Co. v. Am. Dist. Electric Protective Co., 106 Fla. 330, 143 So. 316; Feinstone v. Allison Hospital, 106 Fla. 302, 143 So. 251.

The rule is also well settled that if an injury be caused by the concurring negligence of two parties, either is liable to the injured party to the same extent as though it had been caused by his negligence alone. It is therefore no defense to the plaintiff in error here that Barco Motors, Inc., shares the guilt for the same wrongful injury, nor can it escape liability for the damages it has caused on the ground that

the wrongful act of Barco Motors, Inc., contributed to the injury. Therefore the only party to this case who had a right to complain of the verdict and judgment rendered in favor of Barco Motors, Inc., was the plaintiff in the court below, and she did not. 2 Am. Jurisprudence, 990-992; 3 Am. Jurisprudence 401, 406; 2 R. C. L. 52.

So, regardless of the fact that Barco Motors, Inc., has filed a brief in this case on rehearing which might be construed as a general appearance here, we are convinced on further consideration that we would not be justified, on this record and writ of error, in reversing the judgment rendered in its favor, and we now hold that we were in error in holding that the Construction Company, who took the writ of error, has a right here to now challenge the correctness of the verdict and judgment rendered in the favor of its co-defendant in the court below. If it had been a joint judgment against both defendants, either could have sued out writ of error and obtained summons and severance if necessary. 4 C. J. 1182-1184; 2 R. C. L. 268.

While the evidence in this case may show some negligence on the part of the driver of the car which was owned by Barco Motors, Inc. (with respect to which question there is some difference of opinion among the members of the court), the majority of the Court are of the opinion that on this evidence it was a jury question and that the evidence was sufficient to sustain the verdict and judgment rendered against the plaintiff in error H. E. Wolfe Construction Co., Inc. This can be done wtihout affecting the judgment rendered in favor of its co-defendant. Korabeck v. Shannon, 101 Fla. 598, 135 So. 131.

We have therefore reached the conclusion that in view of the procedure which has been adopted in this case, and in view of the pleadings and evidence shown by the record,

and the legal principles above adverted to, our previous opinion and judgment reversing the judgment rendered in the court below in its entirety should be set aside and vacated, and that the judgment of the court below, as rendered, should be affirmed *in toto.*

It is so ordered.

WHITFIELD, TERRELL and DAVIS, J. J., concur.

ELLIS, C. J., and BUFORD, J., dissent.