FLORIDA CENTRAL AND PENINSULAR RAILROD COMPANY, PLAINTIFF IN ERROR, vs. S. H. PEACOCK, DEFENDANT IN ERROR.

1. A writ of error issued thirty days before the term of the appellate court to which it is returnable, and not recorded until six days before the first day of the term, may be dismissed for a failure to record the writ as provided by the statute, but this defect may be waived by a general appearance of the defendant in error.

2. Where the transcript of the record shows that the suit in the Circuit Court was between a certain named person as plaintiff, and a certain named corporation as defendant, and the certificate thereto states that it contains a correct transcript of the record of the judgment, &c., in the case of the same named plaintiff, and an entire different corporation as defendant, the writ of error will be dismissed on account of such defect, unless amended by leave of the court.

3. Although assignments of error are presented to the judge when the bills of exception are made up and settled, of

Fla. Cen. & Pen. R. R. Co. v. Peacock.—Opinion of Court.

which the opposite party had due notice, yet if no assignments of error are filed with the clerk upon which to make up the transcript, and none served upon the opposite party or his attorney as required by the rules for making up transcripts of record, and no notice is given that plaintiff in error would rely in the appellate court upon the assignments presented as a guide for making up the bills of exceptions, and that the transcript would be made up thereon, the writ of error will be dismissed, on motion made after the return day of the writ.

Writ of Error to the Circuit Court for Madison County.

Dismissed for failure to file and serve assignments of Error.

*C. J. Hardee,* for motion.

*H. J. McCall.* Contra.

PER CURIAM.

One of the grounds to dismiss the writ is that it was issued on the seventh day of October, 1901, returnable to the present term of this court, and was not recorded as required by law in the clerk's office where the judgment was rendered until the seventh day of January, A. D. 1902. The first day of the present term of this court was the fourteenth day of January. The showing before us fully sustains the ground of the motion stated, and it would have to be sustained were it not for the fact that defendant in error has waived this defect by incorporating into his motion to dismiss grounds that make a general appearance for him in this court. The fact that he appears spec-

12 S. C.

ial'y to make the motion will not save him from a general appearance if grounds in the motion have that effect. Oppenheimer v. Guckenheimer, 34 Fla. 13, 15 South. Rep. 670.

Another ground of motion to dismiss is that plaintiff in error has not filed a true transcript of the record of the proceedings in the lower court, properly certified to under the hand and seal of the Circuit Clerk. The transcript filed here shows that the suit in the Circuit Court was between S. H. Peacock, plaintiff, against the Florida Central and Peninsular Railroad Company, defendant, and the certificate thereto states that it contains a correct transcript of the record of the judgment in the case of S. H. Peacock plaintiff, against the Seaboard Air Line Railway, defendant. This ground of the motion is, of course, well taken, and though no motion has been made in this court for leave to withdraw the transcript in order to have it properly certified we would make an order to that effect (as counsel orally asked leave to amend), were it not for another objection presented in the motion. It appears that when the bills of exceptions were made up and settled by the judge, counsel for plaintiff in error presented an assignment of error as a basis for making up the bills, of which counsel for defendant in error had due notice. No assignment of errors was filed with the clerk when the transcript was made up, and none was served on defendant in error or his counsel as required by special rules 2 and 3 for the government of Circuit Courts in the preparation of bills of exception and transcripts of records in civil causes; nor was any notice given that plaintiff in error would rely in the appellate court upon the assignments presented as a guide for making up the bills of exceptions and that the transcript of the record would be

made up on them. The failure to file the assignments of error to be relied on in the appellate court with the clerk, as a guide for making up the transcript, and to serve a copy on the opposite party or his counsel, was a plain violation of the rule for which the writ of error must be dismissed.

Counsel asked at the hearing of the motion that in the event this ground be sustained leave be granted to file the assignment of errors. The time for making up the transcript of the record, and the return day of the writ of error have passed, and it is now too late to file the assignments of error. The motion to dismiss the writ of error is granted.