# Wiseola Company of United States *v.* Moore.

## *Bill to Cancel Stock Subscription.*

(Decided May 12, 1914.   65 South. 398.)

1. *Corporations; Stock Subscription; Cancellation; Bill.*—A bill to cancel a contract for subscription to the stock of a corporation on the ground of fraud practiced upon complainant is not demurrable for failing to offer to do equity where it is alleged that complainant has reecived no profits for his subscription.

2. *Same.*—A bill alleging that the corporation through its agents fraudulently misrepresented the amount of the paid up capital stock, that no certificate had ever been issued, and that plaintiff was denied the right to participate in the stockholder's meeting or to share in the profits, contains equity as a bill to cancel and annul a contract of stock subscription.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by O. J. Moore against the Wiseola Company of U. S. A. to cancel and annul a contract of subscription for certain shares of stock. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

HAMILL & SAVAGE, for appellant. The bill did not make a sufficient case of fraud to entitle complainant to a rescission.—10 Cyc. 427, 430. In accordance with the analogy furnished by the statute of limitations any right complainant had is lost by laches.—§ 3091, Code 1907; *Fowler v. Ala. I. & S. Co.,* 164 Ala. 414.

PAUL MITCHELL and R. G. SLOCUMB, for appellee. The demurrers were speaking demurrers and without merit. The bill was not subject to demurrer because of laches.

MAYFIELD, J.—Appellee filed the bill in this case to annul and cancel a contract of subscription for 100

shares of stock in the appellant corporation. The bill sought to have the contract of subscription canceled upon the ground of fraud practiced upon complainant, by the corporation, or its agents, through fraudulent representations made to him. The false representation alleged was that the corporation had a paid-up capital stock of $25,000; it being averred by complainant that the only paid-up capital consisted of certain property, of the value of $6,000, by the promoters transferred and conveyed to the corporation, in payment of such stock, at the fictitionus price and value of $25,000, and that this fraud was practiced upon complainant and other bona fide purchasers of such stock with the purpose of inducing them to subscribe for shares of such stock. It is also alleged in the bill that no certificates of stock have ever been issued to complainant, and that he has been denied the right to participate in the meetings of the stockholders of the corporation, and denied the right to share in the profits or dividends of such corporation.

Complainant, as a part of the rescission of the contract of subscription, asks to have the cash payments, which he has made on his subscription, refunded to him, and to have the notes executed by him for the deferred payments on such subscription, which are held by the corporation, canceled and surrendered to him.

The bill does not show that complainant has received any profits from his subscription, and it is therefore not defective in failing to offer to do equity. The corporation demurred to the bill, assigning want of equity and a number of special grounds of demurrer. The chancellor overruled the demurrer, and the corporation appeals from that decree on demurrer.

The bill certainly contains equity, and we find no error in the overruling of the demurrer as to any of the

[Culley, et al. v. Elford.]

special grounds assigned. Most of the special grounds were speaking demurrers, and were clearly without merit. The bill is not subject to demurrer on account of laches. We do not say that the bill was not subject to demurrer; but that it was clearly not subject to any of the grounds interposed.

Finding no error, the decree overruling the demurrer is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.