FARMER CONCRETE WORKS, A CORPORATION, *Plaintiff in Error*, v. R. E. GILLOOLEY, *Defendant in Error.*

Division A.

Opinion Filed February 24, 1926.

Petition for rehearing denied April 7, 1926.

*C. E. Spear, John I. Viney* and *Casey Thigpen,* for Plaintiff in Error;

*Bird & Jones* and *M. L. Blanchard,* for Defendant in Error.

BROWN, C. J.—This cause coming on to be heard upon motion of the defendant in error to dismiss the writ of error and strike the transcript of record upon the ground that no complete assignment of errors was filed with the clerk of the court below as required by special rule 2 and other grounds, the following appears:

The transcript shows that the plaintiff in error complied with special rule 1 by presenting to the judge with its bill of exceptions an assignment of errors as required by that rule, of which proper service was made on the opposite party. The purpose of this requirement is to give the trial judge proper information in passing upon the bill of exceptions, and only relates to assignments of error based on matter presented by the bill. The bill of exceptions was settled and filed on October 31, 1925. The transcript shows that on November 2, 1925, this same assignment of errors or a duplicate thereof, was filed with the clerk, but the record does not show that a copy of same was served on the defendant in error. It is contended that this is, or should be considered as, the complete assignment of errors required by rule 2, but this document does not purport to be a complete assignment of errors. It purports to be, and is, the assignment of errors required by special rule 1 to be presented with and as a part of the bill of exceptions.

The plaintiff in error applied to the clerk to make up the transcript, and filed his written directions, on November 13, 1925, but nothing in the nature of an assignment of errors was then filed. Nor was any assignment of errors filed in this court, under section 2916 of the Rev. Gen. Stats. If the complete assignment required by special rule 2 had been embraced in the transcript when filed in this

court, this would have been deemed a compliance with section 2916; but this was not done. It is specifically made the duty of the attorney for the plaintiff in error, by Special Rule 2, when he applies to the clerk for the transcript of the record in any civil cause, to file in the office of the clerk "a complete assignment of all errors that he intends to rely upon in the appellate court, including those presented to the judge at the time of applying for the bill of exceptions, as well as those that may be based upon matters apparent upon the record proper;" and that a copy of such assignment of errors and the written directions to the clerk shall be served on the defendant in error or his attorney within five days after it is filed with the clerk, and it is further provided in this rule that, "Any failure or omission on the part of the plaintiff in error to file with the clerk the complete assignment of errors and written directions to the clerk, or to serve the defendant in error or his attorney with copies thereof as herein provided, shall. be cause for dismissal of the writ of error by the appellate court."

Thus the transcript shows a failure to comply with a vital requirement of the rules, which requires the dismissal of the writ of error, either on motion made, or *sua sponte,* when discoverel by the court. See F. C. & P. R. Co. v. Peacock, 44 Fla. 176, 33 So. 247.

Plaintiff in error contends that this point cannot be considered because the motion to dismiss was not filed within ten days after the writ of error as required by rule 4 of Supreme Court Rules, and defendant in error replies that this delay was caused by the failure of plaintiff in error to serve a copy of the transcript upon him until fifteen days after the return day and the filing of the transcript in this court; thus violating rule 11. This is not, however, material, as the transcript presents no assignment of errors

which can be considered in this court, which omission would require the dismissal of the writ of error without motion.

As was said in the Peacock case above cited, "The failure to file the assignment of errors to be relied on by the appellate court, with the clerk, as a guide for making up the transcript, and to serve a copy on the opposite party or his counsel, was a plain violation of the rule, for which the writ of error must be dismissed. * * * The time for making up the transcript of the record, and the return day of the writ of error have passed, and it is now too late to file the assignment of error."

Writ of error dismissed.

ELLIS AND STRUM, J. J., concur.

TERRELL AND BUFORD, J. J., concur in the Opinion.