W. M. DAVIDSON, *Plaintiff in Error*, v. HENRY R. BEZANT, *Defendant in Error*.

Division B.

Decision filed March 28, 1931.

Writ of error reinstated April 5, 1931.

*W. E. Smith,* of Gainesville, Fla., for the Motion;

*Hampton & Greene,* of Ocala, Fla., and *Zach H. Douglass,* of Gainesville, Contra.

Davis, J.—In this case the plaintiff in error filed with the Judge an assignment of errors as a guide for making up the Bill of Exceptions but did not file his complete assignment of errors to be relied on in the Appellate Court with the Clerk of Circuit Court as a guide for making up the transcript, as required by special rule 2 of the Circuit Court Rules.

Neither did he serve upon the opposite party, or his attorney, a copy of his complete assignment of errors, or give notice he would rely in the Appellate Court

upon the assignments presented to the Judge as a guide for making up the bill of exceptions, and that the transcript would be made thereon.

No assignment of errors has been filed in this Court within three days after the filing of the transcript here, as contemplated by Section 4633 Comp. Genl. Laws.

This case is consequently before this Court without any assignment of errors at all, except the assignment of errors presented to; the Judge as a guide for making up the Bill of Exceptions, and such assignment of errors only appears in the transcript as a. part of such bill of exceptions.

Motion to dismiss the writ of error for want of a proper assignment of errors has been made by defendant in error, who shows by his motion the facts heretofore recited.

While Chapter 12019, Acts of 1927, provides (Section 3):

> "Any motion, pleading proceeding, document or other matter exhibited only by the bill of exceptions when it should have been exhibited by the record proper and any motion, pleading, proceeding, document or other matter exhibited only by record proper when it should have been exhibited by the bill of exceptions shall be considered by the appellate court with the same force and effect as if it had been exhibited in its proper place in the transcript of record provided the same appears in the transcript so that it may be definitely identified by the appellate court and so exhibited as to import authenticity."

this does not dispense with the requirement that a complete assignment of errors to be relied on in this court must either be filed with the Clerk of this Court under Section 4633, Comp. Gen. Laws, within three days after

the filing of the transcript here, or in lieu thereof made a part of the transcript itself as contemplated by Special Rule 2 governing the making up of transcripts of the record by Clerks of the Circuit Court in civil cases.

The office of an assignment of error, which is in the nature of a pleading in this court by the plaintiff in error or appellant, is not only to inform the appellate court of the exact complaint against rulings, whereby, if the complaint be sustained a judgment or decree may be changed or reversed, but is to inform the defendant in error or appellee of the precise errors relied upon, in order that such defendant in error or appellee may take proper steps, or give proper directions in his own behalf, for making up a sufficient transcript of the record to exhibit to the court what might otherwise be insufficiently shown. Freeman v. Blount, 55 So. 293, 172 Ala. 655; Kinnon v. L. & N. R. Co., 65 So. 398, 187 Ala. 480.

A complete failure to comply with the rules of court, or the statute, leaves the cause here without an assignment of errors such as is required to secure a proper review of the judgment complained of and the writ of error must accordingly be dismissed. See Farmer Concrete Works, v. Gillooley, 107 So. 404, 91 Fla. 317; F. C. & P. R. Co. v. Peacock, 33 So. 247, 44 Fla. 176.

Writ of error dismissed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.