W. B. SHELBY CRICHLOW and LILLIAN C. CRICHLOW, his wife, MARY B. ANDREW, and ELLEN B. ANDREW, *Appellants*, vs. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a corporation, *Appellee*.

142 So. 219.

Division B.

Opinion filed June 6, 1932.

*W. B. Shelby Crichlow*, for Appellants;
*John B. Singeltary*, for Appellee.

PER CURIAM.—On December 2, 1931, defendants below, who are appellants here, entered their appeal from a final decree of foreclosure against them. The appeal was returnable here March 2, 1932.

On January 2, 1932, before the return day and before a transcript was filed here by appellants, appellee filed its motion under Section 4639 C. G. L., 2920 R. G. S., which provides for quashing proceedings in error when an appeal is taken against good faith and merely for delay. See Norfleet Holding Co. v. Price, 101 Fla. 666, 132 Sou. Rep. 643; Green v. Cook, 102 Fla. 837, 136 Sou. Rep. 454. This motion, being made by the appellee before the return day of the appeal, was accompanied by a complete transcript of the record in the court below, prepared and filed here by the apellee in order to demonstrate its contention that the appeal is frivolous and that it should be quashed on apellees' motion.

Such was the proper practice for appellee to pursue, as

this Court could not ordinarily act on such a motion by appellee prior to the return day and filing of a transcript here by appellants, unless appellee had itself assumed the burden of having prepared and furnished in support of its motion such a complete transcript of the record as would demonstrate that the decree appealed from is obviously free from error, and that therefore the appeal from it is frivolous.

Appellees' motion to quash the proceedings in error not having been disposed of prior to the return day (March 2, 1932), appellants did not undertake to, nor did they file here a transcript of the record on the return day. They have also failed to file here any assignment of errors. For this failure, appellee now files its separate motion to dismiss the appeal for non-compliance with the rules as to filing of transcript and assignment of errors. Davidson v. Bezant, 101 Fla. 1296, 132 Sou. Rep. 488.

It would have been unnecessary for appellants to have filed here another and additional transcript, since one transcript was already on file, provided appellants had indicated their willingness to adopt the transcript already on file as their own, and had by motion asked leave to have that transcript, by order of this Court, allowed to stand as the transcript to be used by them on this appeal.

But the pendency of appellee's motion to quash the proceedings in error, did not relieve the appellants from taking some step to have a transcript of the record properly brought here on their own behalf to be made a part of the record on appeal, on or before the return day thereof, as required by law and the rules of this Court.

The requirement that a transcript of the record shall be filed *by the appellant* on or before the return day of any appeal is mandatory. Such requirement can only be suspended, postponed or dispensed with by an appropriate order of this Court, duly applied for and entered in the

cause. The rule as to filing transcripts is not superseded by the mere pendency of an undisposed of motion by the opposite party to quash the proceedings in error under Section 4639 C. G. L., 2920 R. G. S., without any order having been applied for or made extending the appellants' time to file their own transcript, although a purported transcript prepared and filed by appellee is already on file.

While it is true that appellants in their *brief* which was filed February 11, 1932, stated that:

"The appellants move the court to fix and determine the time at which assignments of errors and written directions to the clerk should be filed in said cause in accordance with the provisions of Rule 4 and at what time the transcript of record should be made up and certified by the Clerk of the Circuit Court and filed in this court,"

this request, which was merely included in the *"brief"* of appellants resisting motion of appellees to affirm final decree, cannot be considered as a proper *motion* under the rules to extend the time for filing the transcript. Nor can it be considered as a motion to be permitted to use the transcript already on file for the purposes of appellants' appeal.

Furthermore, the mere *making of a motion* to extend the time for filing a transcript here, which is not acted on or granted by the court before the return day, does not by its mere pendency undisposed of, operate to dispense with the requirement that appellants shall in the manner and form required by law and the rules of this court, proceed in the regular way to perfect their appeal.

The appellee's motion to dismiss the appeal for failure of appellants to file their transcript of the record and assignment of errors as required by law and the rules of this Court, is therefore granted and the appeal dismissed.

Appeal dismissed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.