IN RE: ESTATE OF JOHN LOFTIN, Deceased.

12 So. (2nd) 587                                         January Term, 1943
March 26, 1943                                                      En Banc

*W. W. Whitehurst,* for appellant.

*Walker Liddon* and *Liddon & Fee,* for appellees.

BROWN, J.:

This case is before us on a motion to dismiss an appeal from a judgment of the Circuit Court for Okeechobee County dated November 20, 1942, affirming an order of the County Judge of that county. The notice of appeal was filed and duly recorded by the clerk of the circuit court on December 4, 1942, which was well within the 60 days allowed by the statute. The first ground of the motion to dismiss the appeal is that the notice of appeal does not name any party as appellee therein, which is true. The notice of appeal is otherwise in due and regular form, and clearly designates the judgment appealed from, giving the date of its rendition and recordation, with book and page of the record.

In the body of the notice of appeal it is shown that the appeal is taken by D. S. Skipper, the petitioner in the county judge's court, whose petition was for an order directing the administrator of the estate of John Lofton, deceased, to sell certain real and personal property pursuant to a contract entered into by the decedent, John Lofton, during his life time, which order was denied by the county judge and on appeal to the circuit court was affirmed.

Section 53 of the 1933 Probate Act provides that appeals from orders, judgments or decrees of the county judge may be taken to the circuit court within thirty days from the date of entry of the order, judgment or decree appealed from, and Section 56 of the same statute provides that appeals may be taken from the circuit court to the Supreme Court within thirty days from the entry of the decree of the circuit court and shall be governed in all respects by the law and rules regulating appeals in chancery except as otherwise provided in the act. So the appeal was taken within the time allowed by the statute and was recorded in the chancery order book on December 4, 1942, but no party appellee is named or mentioned in the notice of appeal.

Prior to the adoption of our recent Supreme Court rules, it had been generally held by this Court that if all parties

to the cause in the court below, or at least those who have a real interest in the result of the appeal, are not named and included in an appeal or writ of error, either as appellants or appellees, such appeal or writ of error would be dismissed, unless such persons voluntarily appeared, and that parties to the appeal could not be added after the time limited for taking appeals or writs of error had expired. See the former decisions of this Court as cited near the end of the opinion of this Court in the case of Walker Fertilizer Company v. Race, 123 Fla. 84, 166 So. 283. See also Robinowitz v. Houk, 100 Fla. 44, 129 So. 501; Deno v. Smith, 101 Fla. 902, 132 So. 462; McGahn Interests, Inc., v. Alexander Nat'l. Bank, 135 So. 545, 102 Fla. 140; Gardner v. Northern Inv. Corp. 117 Fla. 291, 157 So. 665.

It is true that in the case of Gover v. Mann, 114 Fla. 128, 153 So. 895, this Court held that under Section 1 of Chapter 11890, Acts of 1927, being Section 4635 C.G.L., now 59.30 Fla. Statutes 1941, this Court would not enter an involuntary dismissal of appeals in chancery on account of the omission of parties where the entry of appeal as filed and recorded definitely and correctly designated the date, book and page of record of the decree appealed from, which designation was property made in the case now before us. The opinion in that case was written by Mr. Chief Justice DAVIS, who also wrote the opinion in the later case of Walker Fertilizer Company v. Race, supra. While this ruling in Gover v. Mann was not later followed in subsequent cases, at least not as "necessary" parties, up to the time of the adoption by this Court of the rules of practice which became effective April 1, 1942, the reasoning set forth in the opinion of Mr. Chief Justice DAVIS in Gover v. Mann has been in effect adopted by this Court in its recent rules. For instance, in said opinion in Gover v. Mann, the following language appears:

"In such cases the party or parties signing the entry of appeal, and in whose name it is purported to be taken as appellant or appellants' are to be deemed appellants. All other parties to the order or decree appealed from, not designated or named as appellants, must therefore necessarily be

deemed to be appellees and as such properly before the court."

Rule 2 of the Rules of Practice which were made effective by this Court April 1, 1942, provides in part as follows:

"(c) Notice of Appeal. Effective Filing. The filing of the notice of appeal with the Clerk of the Court whose order, judgment or decree is appealed from shall give the Appellate Court jurisdiction of the subject matter and of the parties to the appeal, but it shall nevertheless be recorded in the minutes of the court whose order, judgment, or decree is appealed from."

The meaning of Rule 2 is made all the more plain by the provisions of our Rule 13, adopted at the same time, which reads as follows:

"Rule 13. Summons and severance abolished. Parties to appeal.

"The practice of summons and severance is hereby abolished. Any party who shall feel aggrieved may take an appeal, and all parties to the cause, unless they be named as parties appellant, shall automatically become parties appellee. Any person or persons taking or joining in an appeal shall be the party or parties appellant, and all other parties shall be parties appellee, regardless of the effect on such party or parties of any order, judgment or decree appealed from; and as to any party against whom a judgment by default or a decree pro confesso shall have been entered in the lower court, the cause may proceed ex parte, but this shall not deprive any such party of his right to file cross-assignments of error. If any party named as appellee desires to join in the appeal, and shall within the time allowed by these rules for filing notice of appeal, file his joinder in appeal, he may become an appellant and may thereafter, if he desires, and within the time prescribed by these rules for such purpose, file such additional assignments of error and directions to the clerk as he may deem necessary. If any party wishes to be dismissed from the appeal and to proceed no further, then after five days notice to the other parties to the appeal he shall present to the appellate court a motion for his dismissal from the cause. If the court shall decide and order

that the cause may be decided without such party, he may be dismissed and the cause proceed, and such party shall be bound by the decision rendered."

It follows that the notice of appeal in this case complies with our recent rules and ground 1 of the motion to dismiss is not well taken.

The second ground of the motion to dismiss alleges that the transcript of record in this case shows that although the notice of appeal was filed on December 4, 1942, the appellant did not file any assignments of error or directions to the clerk for making of transcript until February 13, 1943, contrary to the Supreme Court Rule 11, paragraph (a), which provides that within ten days after the notice of appeal is filed the appellant shall file with the clerk of the trial court his assignments of error and directions to the clerk for making up the transcript of record on appeal, and shall serve the adverse party with copies thereof. The record shows that the assignments of error and the directions to the clerk, while they were served upon the adverse party on February 11, 1943, were not filed until February 13, 1943, which was 71 days after the entry of the appeal. This was a clear departure from the requirements of Rule 11.

The third ground of the motion to dismiss alleges that the record on appeal was not filed within the forty days required by paragraph (b) of Rule 12. This Rule provides that the record on appeal should be filed in this Court in every case within forty days of the time when the appeal was taken unless the time be extended by a judge of the court whose order, judgment, or decree is appealed from, or by a justice of this Court, provided that no extension for more than ten days shall be granted without notice to the adverse party.

No extension of time is shown by the transcript to have been applied for or granted, and the transcript was not filed in this Court until February 22, 1943.

It thus appears that the second and third grounds of the motion to dismiss the appeal are well founded.

Motion granted and appeal dismissed.

BUFORD, C. J., TERRELL, CHAPMAN, THOMAS, ADAMS, and SEBRING, JJ., concur.