TERRELL, Justice.
The plaintiff, appellee here, filed complaint in the Circuit Court of Hardee County to quiet title to Lots 23, 24, 25 and 26, Block C, Melrose Place Subdivision, ■Wauchula, Florida. Title was déraigned from Elva Wilson who died in September, 1949, at which time there was pending In the Circuit Court suit by Coody E.- Bennett against her to recover a claim of $245.90.'■ No administration of her estate was undertaken by her daughter and sole heir, but in January, 1951, . Coody E. Bennett, as creditor, made application in the Probate Court for appointment of an administrator for the estate and Lonnie Shackleford was appointed. No notice of said application was given and no citation was served on the sole heir or any other person, nor did the petition contain “statement of the names, ages and resi* *142 dences of the surviving.spouse and-heirs at law of the decedent and their ■ respective relationships to decedent, or averments showing that reasonable search has been made and that such information cannot be ascertained * * * ” as required by Sec. 732.43, F.S., F.S.A.
Coody E. Bennett then filed his claim against said estate for $245.90, and in September, 1951 the Probate Court approved and confirmed sale of the above described property and other lands by the administrator to said claimant in consideration of his claim. Plaintiff claims title as a bona fide purchaser or grantee of Coody E. Bennett. Defendants claim title as grantees of the daughter and sole heir of decedent Elva Wilson. Defendants tendered'an answer challenging the legal effect of the administration, the administrator’s deed and conveyance to the plaintiff on the ground that no notice or citation was given when 'application was made for appointment of an administrator and that petition for 'such appointment contained no statement of the names, ages, residences of the heirs and their relation to decedent or an - averment of reasonable search for them as required by Sec. 732.43, F.S., F.S.A.
Louraney Peters, the sole heir at law of decedent, and husband, C. M. Peters, being defendants’ grantors by warranty deed, moved to be permitted to intervene as parties to the cause. Both parties moved for summary decree. The court • heard said motions and the petition to intervene February 15> 1955, and denied the petition to intervene but granted plaintiff’s motion for summary judgment. The court also found that the Probate Court had jurisdiction to administer the estate of Elva Wilson, that the regularity of proceedings could.not be collaterally attacked, that defendants’ answer raised no question of fraud, that no bona fide question of fact was presented and that plaintiff was entitled to a final decree. He -accordingly quieted title in said lands in the plaintiff against the claim of defendants. From this decree, dated January 24, 1955, defendants on April 14, 1955, entered their appeal. On June 17, 1955, they filed their assignments of error.
At the outset it appears that there was no appeal or challenge otherwise to the correctness of the administration proceedings. The chancellor, we think, correctly found that the attack on them in the Circuit Court was collateral and that inquiry into the administration proceedings could not be made in that manner. It may well be that if the administration proceedings had been moved against directly, a different result would have been secured. State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666; In re Estate of Bush, Fla., 80 So.2d 673; Robinson v. Epping, 24 Fla. 237, 4 So. 812.
We are also confronted with the question of whether or not the pending appeal was properly perfected. It appears that defendants did not file their assignments of error in this court until the sixty-fourth day following the filing of the notice of appeal. Rule 34, subd. 1, of the Supreme Court, 30 F.S.A., requires that they be filed within ten days’ after the notice of appeal with the clerk of the court whose order, judgment or decree is appealed from.' The appeal was therefore not perfected as required by the rule. In re Lofton’s Estate, 152 Fla. 626, 12 So.2d 587. It is not amiss to call attention to the fact that the assignments of error are too general. Stearns & Culver Lumber Co. v. Adams, 55 Fla. 401, 45 So. 847.
Since the attack on the administration was collateral and avails nothing and the appeal was not properly perfected, we have nothing to review so the judgment is
Affirmed.
DREW, C. J., and ROBERTS and O’CONNELL, JJ., concur.