CARROLL, CHAS., Chief Judge.
Appellee moved to dismiss the appeal for failure of appellant to file assignments of error and directions to the clerk within the time fixed by rule.
*204 The appeal was commenced by the filing of a notice of appeal on August 2, 1957, directed to a chancery decree of July 18, 1957.
Appellee’s motion to dismiss was filed in this court on August 15. Five days later on August 20, appellant filed a motion for additional time to file assignments of error and directions to the clerk, which motion set forth the following as grounds:
“For grounds hereof, appellant shows unto the Court that due to economic circumstances it was unable to provide the fees requested by its counsel or to procure other counsel to represent appellant in the perfection and completion of this pending appeal, and that its undersigned counsel was unwilling to proceed therein until financial arrangements had been completed to his satisfaction.
“That satisfactory arrangements have now been concluded and appellant’s counsel is willing to perfect this pending appeal, provided the right to do so is granted by the Court.”
Rule 3.5 subd. a, Florida Appellate Rules, provides that assignments of error shall be filed with the clerk of the lower court within ten days after notice of appeal has been filed. Sub-paragraph “d” of that rule provides that the time for filing assignments may be extended by the appellate court or the lower court. There is no express statement there as to the reasons or the need for showing good cause, in order for a'party to be entitled to such extension. For comparison, attention is directed to Rule 3.7, which relates to the filing of briefs, sub-paragraph “d” of which includes a requirement to show good cause, as follows:
“The appellate court, or the lower courf may, for good cause, extend the time' for filing briefs and appendices, * * *
Failure of an appellant to file assignments of error within the time specified by court rule long has been recognized as a basis for dismissal of an appeal. Florida Cent. & P. R. Co. v. Peacock, 1902, 44 Fla. 176, 33 So. 247; Wang v. Larkin, 1925, 90 Fla. 419, 106 So. 406; Farmer Concrete Works v. Gillooley, 1926, 91 Fla. 316, 107 So. 404; In re Lofton’s Estate, 1943, 152 Fla. 626, 12 So.2d 587; Goldtrap v. Mancini, Fla.1956, 86 So.2d 141. Cf. Williams v. La Penotiere, 1889, 25 Fla. 473, 6 So. 167 (for failure to file transcript on time).
The general rule, where time is fixed for the filing of papers such as assignments of error as a necessary step in perfecting an appeal, is that failure to file them within the time prescribed may result in dismissal, and that a motion to extend the time for filing must be supported by a satisfactory excuse for the default.
“As a general rule, if an assignment of errors or statement of grounds or reasons of appeal has not been filed within the time prescribed, the assignment or statement will not be considered by the appellate court, and the appellate proceeding will be dismissed or the judgment affirmed, as the statute or rule of court may provide,, unless there are errors for which no assignment is necessary. It has been held, however, that the time for filing an assignment of error may be extended for good cause shown, especially if no delay in the submission of the cause has occurred, or the opposite party has not been prejudiced; but even under such cases it is incumbent on appellant to make a satisfactory showing excusing the default.” 4 C.J.S. Appeal and Error § 1281 b, p. 1804.
Proper and efficient administration of justice, as well as respect for the intent and requirements of the rule imposing the time limit for filing assignments of error and directions to the clerk, compels *205 compliance, unless an extension is granted on timely application supported by a sufficient reason for delay, or, after the time has expired, upon a showing of good cause for the default.
The motion in this case was not timely made and no good cause was shown for the default.
Whereupon, the motion to dismiss is granted, and the appeal is dismissed.
It is so ordered.
HORTON and PEARSON, JJ., concur.