BARNS, Associate Judge.
The case came on before the lower court for a final hearing upon the second amended complaint of the appellee (filed July 19, 19S6) and the answer of DeFonce Construction Co., Inc. and J. B. Cooper.
On May 28, 1957 a final decree was rendered awarding a recovery against De-Fonce Construction Co., Inc. and J. B. Cooper in favor of the plaintiff-appellee Ewing for the sum of $8,898.51 whereupon DeFonce Construction Co., Inc. and J. B. Cooper entered their joint appeal and jointly assigned errors as hereinafter stated.
The only point presented by the appellants for consideration is:
“When a Contract Provides that Money Shall Be Paid Out of a Partic *719 ular Fund, the Money is not Due until Receipt of the Fund Is Realized. This question is raised by assignments of error numbers 1, a, 3, & 4.”
Good practice as well as Appellate Rule 3.7, subd. f (4) direct that an appellant in his brief shall state the points relied on for reversal and that “specific assignments of error from which the points argued arise should he stated’’. This the appellants have failed to do, however, a search reveals the assignments to be as follows:
“1. The Court erred in entering its final decree herein on May 28, 1957.
“2. The Court erred in ordering defendants The DeFonce Construction Co., Inc. and J. B. Cooper to pay forthwith to the plaintiff the sum of $8,898.-51, together with interest and costs, by its final decree of May 28, 1957.
“3. The Court erred in its construction of the contract introduced in evidence as plaintiff’s Exhibit No. 1.
“4. The Court erred in its construction of the contract introduced in evidence as plaintiff’s Exhibit No. 1 and the application of that contract to the uncontradicted evidence adduced at final hearing which disclosed that the defendants The DeFonce Construction Co., Inc., and J. B. Cooper have not received payment for the work done by the plaintiff for the Department of Water and Sewers of the City of Miami and, therefore, were not yet required to make payment to the plaintiff for work done by plaintiff.”
We fail to find that the point argued is within the scope of any assignment of error and neither do we find that the record on appeal contains ruling or order that could constitute a basis sufficient to give rise to the point stated.
The $8,000 money decree appealed is a joint decree against both appellants, however, the last complaint filed, which is the second amended complaint, as to J. B. Cooper fails to show any dealings between the plaintiff-appellee and J. B. Cooper. Neither does the complaint or proof show any facts justifying a money judgment against him. It is alleged that both appellants-defendants contracted with the City of Miami, but only the construction company contracted with the appelleé-plaintiff. ’
The only exception- to the rule that error not assigned or not argued will not be considered is where a fundamental error is apparent on the face of the record. To render an adverse affirmative judgment against a party against whom no affirmative relief is claimed or proved comes within the exception and is a fundamental error.
The decree appealed from is affirmed as to The DeFonce Construction Co., Inc., and reversed as to J. B. Cooper.
• HORTON, Acting C. J., and PEARSON, J., concur,