PER CURIAM.
Appellee, Sarah N. Coggan, has filed in this Court her motion to strike appellant’s assignments of error on the ground that they were not timely filed.
Notice of appeal was filed by the appellant, George M. Coggan, on September 25, 1963. On that same date he filed in the lower court a motion to extend the time for filing assignments of error. (Motions were filed seeking other relief, but they are not pertinent here.) On October 18, 1963. the Chancellor denied all of appellant’s motions from the bench ore tenus. On October 25, 1963, the appellant moved this Court for an order extending the time for filing his assignments of error. The motion filed here recited the prior denial of such a motion by the Chancellor below. On October 28, 1963, the lower court entered its formal order denying appellant’s motion, and on November 27, 1963, this Court denied the similar motion filed here. On December 2, 1963, appellant filed his assignments of error.
We pause here to point out that Rule 3.8(a), Florida Appellate Rules, 31 *552 F.S.A., provides that after the entry of an appeal — but before the record-on-appeal is filed in the appellate court, the things required, to be done in the lower court or appellate court (and objections to things done) shall be tmder the supervision of the lower court, subject to the control of the appellate court by motion on proper notice. As specified in the Rule, this includes the fixing or extension of time within which things shall be done. Pursuant to this Rule, the appellant’s motion to extend the time for filing assignments of error was properly filed in the lower court. The Chancellor’s oral announcement of denial of this motion was not effective until such ruling was reduced to writing, signed and filed. The appellant’s motion for similar relief filed in this Court was premature. In such an instance, rather than filing a motion for the same relief in this Court prior to the entry of the lower court’s formal order, the appellant should have (if he wished to further pursue his motion for extension of time) filed in this Court a motion to extend the time after and noHvithstanding the lower court’s denial of same. This procedure is provided by the foregoing Rule.
In moving to strike these assignments of error on the ground that they were not timely filed, appellee takes the position that under no circumstances does a motion for extension of time for filing assignments of error suspend the time for filing any document in the cause until such motion is disposed of. Appellee also contends that, in any event, the filing of a motion in the lower court does not operate to suspend the time. We reject both contentions.
Under Rule 3.S subd. (a), Florida Appellate Rules, appellant had ten days after filing notice of appeal to file his assignments of error. Under Rule 3.5, subd. (d), the time for filing assignments of error may be extended by the appellate court or by the lower court. Rule 3.9, subd. (f) contemplates suspension of time in the proceedings, pending disposition of a motion. See Connell v. Mittendorf, Fla.App.1962, 147 So.2d 169, where this Court recognized that Rule 3.9, subd. (f) could be utilized to extend the time for filing briefs upon the filing of timely motions. Compare: Quality Furniture House v. General Bond & Discount Co., Fla.App. 1957, 97 So.2d 203, where the appellant’s motion for an extension of time was not timely made and no good cause was shown for the default.
As we have stated, pursuant to Rule 3.8(a), the appellant’s motion to extend the time for filing assignments of error was properly filed in the lower court. A copy of the same was served upon appellee. The filing of this motion suspended the time[1] until the entry of the order denying the motion. Because of the unique situation here presented, and notwithstanding the fact that the motion filed in this Court was technically premature, we hold that the time was further suspended for the duration of the pendency of that motion; thus, the ten-day period within which appellant was required to file his assignments of error did not begin to run until November 28, 1963 — the next day following[2] this Court’s denial of appellant’s motion for extension of time. The assignments of error were filed on December 2, 1963. The ten-day period not having then expired, we find that the assignments of error were timely filed. An appropriate order will be entered denying appel-lee’s motion to strike.
SMITH, C. J., and SHANNON and. WHITE, JJ., concur.

. In other words, time stood still as regards the 10-day deadline for appellant to file his assignments of error, and the hands of the clock would not start moving again until the motion was denied.

. See Rule 3.18, Florida Appellate Rules, which governs the computation of time.