ROBERTS, Justice
(dissenting).
This cause brings here for review by writ -of conflict certiorari a decision of the District Court of Appeal, Second District, reversing the judgment of the lower court with directions to grant the defendants (respondents here) a new trial. The history and factual background of the controversy are set forth in the opinion of the District Court in C. J. Jones Lumber Company, Inc. v. Morrison, 154 So.2d 721. In my opinion we have jurisdiction under Section 4(2), Article V, Constitution of Florida, and to support conflict see Tracey v. State (Fla.1961), 130 So.2d 605; Red Top Cab and Baggage Co. v. Grady (Dist.Ct.App. 3rd, Fla.1958), 99 So.2d 871; DeFonce Construction Co. v. Ewing (Dist.Ct.App. 3rd, Fla.1958), 99 So.2d 718; Vaughn v. Smith (Fla.1957), 96 So.2d 143; Dicks v. Colonial Finance Corp. (Fla.1956), 85 So.2d 874; and Redditt v. State (Fla.1955), 84 So.2d 317.
After a second trial of this negligence action in Lee County, Florida, the jury returned a verdict in favor of the plaintiff (petitioner here), a motion for a new trial was denied and judgment entered accordingly. An appeal was duly taken to the District Court, resting such appeal on thirteen assignments of error which, for convenience, are repeated here:
“1. The Court erred in permitting and allowing the use of the testimony of DR. G. T. SAMARTINO to be read into evidence over objection of Defendants as there was no substantial reason shown why the said witness was not, or could not be produced or subpoenaed as required by Section 92.22 FS 59 [F.S.A.].
“2. The Court erred in failing to grant Motion for Directed Verdict made by Defendants at the conclusion of Plaintiff’s testimony as there was no showing in the record that the jury could lawfully return a verdict for Plaintiff on the basis of testimony from Plaintiff’s witnesses.
“3. The Court erred in limiting and restricting the testimony of G. D. BROXSON upon Motion made by Plaintiff after Defendants had rested their case.
“4. The Court erred in denying Defendants’ Motion for Directed Verdict made at the conclusion of all testimony since there was a positive showing of no negligence on the part of Defendants which was, or could be the proximate cause of the injuries sustained by Plaintiff.
“5. The Court erred in permitting and allowing counsel for Plaintiff to use in his closing arguments to the jury the *760 blackboard and previously prepared charts for demonstration to the jury of theories and facts not in evidence.
“6. The Court erred, or in the alternative, abused its discretion in permitting- counsel for Plaintiff in closing argument to the jury to use and suggest per diem figures for all phases of Plaintiff’s argument, there being no testimony to support any of same, and further erred in permitting counsel for Plaintiff to suggest various figures and amounts of money as proper damages for pain or other aspects of Plaintiff’s claim for damages through the use of per diem calculations not based on the evidence nor in any way representing argument on facts and figures actually in evidence.
“7. The Court erred in denying Defendants’ Motion for New Trial and Defendants’ Motion for Judgment Non Obstante Veredicto.
“8. The Court erred in entering the Final Judgment dated December 15, 1961, because there was no basis for a lawful verdict against the Defendants, there was a positive showing of negligence on the part of Plaintiff which either contributed to or directly caused the accident, there was a failure to show negligence on the part of Defendants which as a matter of law was, or could be, the proximate cause of plaintiff’s injuries.
“9. The Final Judgment entered by the Court is contrary to the law and contrary to the evidence.
“10. There was not sufficient evidence to sustain the verdicts entered upon which Final Judgment was entered.
“11. The verdicts of the jury on which judgment was entered have no foundation in fact or law, and were obviously the result of prejudice, bias, sympathy, misunderstanding of the Court’s instructions, or the result of some whim, caprice or other matter outside the record.
“12. The undisputed evidence showed the point of impact to have been on Defendants’ side of the highway and that Plaintiff did not have her vehicle under control within the range of her vision ahead.
“13. The Court erred in refusing to allow the witness, RALPH BROWN, to testify concerning his knowledge of facts shortly prior to the accident, and in limiting the testimony of the said witness.”
The petitioner [appellee] filed a motion to strike numbers 7 through 12 of appellants’ assignments of error on the ground that such assignments did not comply with the Florida Appellate Rules. In the prayer to her motion the petitioner stated, “ * * * your appellees (sic) pray that the aforesaid' assignments of error be stricken from the record-on-appeal in order that your appel-lees (sic) not be required to reply to those certain assignments which are found to be improper.” By order dated June 20, 1962-assignments of error numbered 7, 8, 9, 10- and 11 were stricken but it was further-ordered “that the motion to strike portions of Appellants’ Brief be and the same is. hereby denied.” The correctness vel non of the order striking the assignments of error has not been brought for review by either party and is therefore not before us for decision. It is noteworthy, however, that the motion was controlled by Rule 3.5-(c) of the Florida Appellate Rules in effect on June 20, 1962 and which have since-been revised, such revision having become-effective after midnight September 30,, 1962, 31 F.S.A.
The District Court of Appeal, after striking the assignments of error, proceeded with the review and reversed the judgment of the-lower court, saying
“After careful review of the entire record in this cause; indulging every reasonable presumption in favor of the correctness of the verdict of the jury *761 and the judgment rendered by the trial court; bearing in mind that it is the province of the jury to determine disputed questions of fact; considering fully every inference that the jury could logically draw from the evidence ; and noting that the trial court placed his stamp of approval thereon by entering judgment and denying defendants’ motions for a new trial, we are compelled to the conclusion that this verdict and judgment does not square with right and justice; that there is reasonable ground to conclude that the jury acted through sympathy, passion, prejudice, mistake or other unlawful cause and it is our duty to grant a new trial. See Florida Publishing Company v. Copeland, Fla. 1956, 89 So.2d 18; Stanley v. Powers, 1936, 125 Fla. 322, 169 So. 861.
“The judgment is reversed with directions to grant the defendants a new trial.”
Petitioner contends, among other things, that she limited her brief to the issues raised by the remaining assignments before the court and that the decision of the District Court should be quashed because it failed to anchor its reasoning to any of the remaining assignments properly before it. I find merit in this contention, inasmuch as it is necessary to the orderly administration of justice that the parties have notice of the points on which the courts will base their judgment. By the act of striking an assignment of error the courts in effect tell the parties that the assignment is defective, that it will not consider the points raised, and that, unless some fundamental error is found, the court will treat the assignment as if it had never been made. “The office of an assignment of error, which is in the nature of a pleading in this court by the plaintiff in error or appellant, is not only to inform the appellate court of the exact complaint against rulings, whereby, if the complaint be sustained, a judgment or decree may be changed or reversed, but is to inform the defendant in error or appellee of the precise errors relied upon, in order that such defendant in error or appellee may take proper steps, or give proper directions in his own behalf, for making up a sufficient transcript of the record to exhibit to the court what might otherwise be insufficiently shown.” Davidson v. Bezant, 101 Fla. 1296, 132 So. 488 (1931). Failure of the respondents to amend their assignments or their briefs after the entry of the order striking assignments of error 7 through 11 precluded the district court’s consideration of the questions there involved unless it could be said that the court based its decision upon questions constituting fundamental error. See Tracey v. State, supra, and Pittman v. Roberts, 122 So.2d 333 (Fla.App.1960). The question of the manifest weight of the evidence or the denial of a motion for new trial on which the appellate court based its decision has not been classified by our courts as constituting fundamental error. “We do not consider an error to be of such fundamental nature as to justify a reversal in the absence of timely objection unless it reaches down into the legality of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the error alleged.” Hamilton v. State, 88 So.2d 606, Fla.1956. See Florio v. State ex rel. Epperson, 119 So.2d 305, 80 A.L.R.2d 1117 (Fla.App.1960); DeFonce Construction Co. v. Ewing, supra; and Norris v. Eikenberry, 103 Fla. 104, 137 So. 128. The opinion of the District Court is silent on its disposition, if any, of the questions authorized by assignments 1 through 6 and also 12 and 13, and with the record in this posture we assume they are still undecided in such court.
Therefore, in my opinion, the judgment of the District Court of Appeal should be quashed and the cause remanded for disposition of questions properly presented and not disposed, of and for the entry of a judgment not inconsistent with this opinion. The majority view being to the contrary, I must respectfully dissent.
DREW, C. J., and ERVIN, J., concur.