PIERCE, Judge.
Appellant Tamiami Abstract and Title Company (plaintiff) filed this suit in the Sarasota County Circuit Court seeking a declaratory decree as to the marketability of title to certain real estate concerning which plaintiff had previously issued a Title Insurance Policy. Appellees, Malan-ka and Brown, were made original defendants in said suit, they being the parties directly involved in the dispute about the marketability. Brown had sold to Malanka Lot 2 in Harbor Acres Subdivision in Sara.sota County, Florida. Buyer Malanka declined to go through with the deal because of doubt cast upon the legal marketability of the property, whereupon the seller Brown was holding plaintiff responsible by virtue of a Title Insurance Policy previously issued by plaintiff to Brown covering the property in question. Plaintiff Tamiami filed the suit to determine its rights and obligations in the premises.
Malanka then moved to bring in as parties defendant all other lot owners in the ■subdivision, and the Court entered order .■accordingly, the effect of which was _ that ■all other subdivision lot owners were brought into the suit as Class defendants.
Some one hundred separate and different lots in the subdivision were involved, owned by different people. L. M. Binkley and Beulah K. Binkley, later augmented by Leo J. Brennan and L. B. Mayer, were designated to represent all the other lot owners as Class defendants, and duly filed their Answers in such representative capacity. Different and separate counsel represented each of the two original defendants and also the Class defendants.
In due course Final Decree was entered by the chancellor on September 30, 1965, holding in effect that the title tendered and conveyed to Malanka was not marketable, the result of which was to leave plaintiff Tamiami liable upon its Title Insurance Policy to Brown.
From the Final Decree, Tamiami, on October 29, 1965, filed its Notice of Appeal, naming Malanka and Brown Appellees. The Class defendants, namely, the two Binkleys, Brennan and Mayer, have filed their joint Motion to Dismiss the Appeal and also a Motion to Strike certain Assignments of Error filed by Tamiami.
The Motion to Strike contains grounds that are either patently without substance or concern matters that may more properly be disposed of upon the final merits of the appeal, and will therefore be denied.
The Motion to Dismiss raises the point that Appellant Tamiami “failed to state the names and designations of the opposing parties in its notice of appeal filed in this cause as required by rule 3.2 c. of the Florida Appellate Rules [31 F.S.A.]” Said Rule 3.2, subd. c, F.A.R. is as follows :
“c. Contents of Notice. The notice of appeal may be in the form approved by the Court. The notice of appeal shall state the title of the court, and the style of the cause from which the appeal is taken and the title of the court to which the appeal is taken; the name and designation of the appealing party, whether plaintiff or defendant; the name and designation of the opposing party, whether plaintiff or defendant; the nature and date of rendition of the order, judgment or decree appealed from; and the date and book and page of the public record in which it is recorded.”
The thrust of the Motion to Dismiss is apparently aimed at the failure of Appellant Tamiami to make the Class defendants *24 or their representatives, the Binkleys, Brennan and Mayer, Appellees or to otherwise give them “designations” in the Notice of Appeal. While it may have been the better practice to have so named or “designated” them, failure so to do is not fatal in view of the provisions of Rule 3.11, subd. a, F.A.R., which reads as follows:
“a. Generally. Any party who shall feel aggrieved by a final decision, order, judgment or decree may take an appeal and all parties to the cause who are not named as parties appellant shall automatically become parties appellee. Any person or persons taking or joining in an appeal shall be the party or parties appellant, and all other parties shall be parties appellee, regardless of the effect on such party or parties of any order, judgment or decree appealed from.” (Emphasis supplied).
Said Rule 3.11, subd. a, F.A.R. is practically identical with former Rule 13 of the Supreme Court Rules, under the provisions of which said original Rule 13, the Supreme Court of Florida, in In re: Lofton’s Estate, Florida, 1943, 152 Fla. 626, 12 So.2d 587, held—
“Under Supreme Court Rule (13) providing that parties to cause not named as Appellants automatically become ap-pellees, appeal from circuit court judgment * * * was not subject to dismissal for failure of notice of appeal to name any party as appellee therein, where notice clearly designated the judgment appealed from, giving the date of its rendition and recordation, with book and page of the record.” (Emphasis supplied).
The Notice of Appeal filed herein by Tamiami meticulously set forth the book and page of recordation of the Final Decree appealed from and also the date of its recordation, and in these and all other respects followed identically the recommended form of Notice of Appeal set forth in Rule 7.2 F.A.R., including the last clause set forth in such recommended form: “all parties to said cause are called upon to take notice of the entry of this appeal.” The first sentence of Rule 3.2, subd. c, plainly says: “The notice of appeal may be in the form approved by the Court.”
The question here is one of jurisdiction of this Court, and that jurisdiction, being appellate in character, has been conferred upon and acquired by this Court by virtue of the filing and recordation of the Notice of Appeal by Tamiami. This is illustrated by the holding of the First District Court in Shute v. Keystone State Bank, 159 So.2d 106, text, beginning on page 107, as follows:
“First, appellate jurisdiction is primarily acquired in both a ‘full’ appeal and in an interlocutory appeal by the timely filing of the notice of ‘appeal’. Notice was filed in the instant case though improperly designated. Where the judgment, order or decree is of a nature as will support an appeal, improper designation of the notice of appeal will not alone affect the jurisdiction of the appellate court in the absence of other nonjurisdictional factors, and this Court has been lenient in considering improperly designated appeals.
* * -1: * * *
“ * * * the purpose of the rules of appellate procedure is primarily for the expeditious and proper outline of travel for litigants in the prosecution of an appeal. It is not the purpose of said rules to preclude one from perfecting an appeal when timely notice of same properly vests jurisdiction of the cause in the proper appellate tribunal. The courts have generally exercised broad discretion ‘in determining whether the entertaining of an appeal will serve most expeditiously the interest of the litigants and the efficient administration of justice.’ ”
*25 A situation substantially identical with the instant case was involved in Red Top Sedan Service, Inc. v. S & J Transportation, Inc., Fla.App.1963, 150 So.2d 450. In that case an appeal had been taken from final judgments entered in two companion cases in the Circuit Court, one of which was directed against the Florida Railroad and Public Utilities Commission and another. All parties to both suits, except the Commission, were named as either appellants or appellees. But the opinion of the Third District Court, on page 455 of Volume 150 So.2d, invoking Rule 3.11, subd. a, F.A.R., held as follows:
“No appeal was prosecuted by the individuals constituting the Florida Railroad and Public Utilities Commission and, therefore, pursuant to Rule 3.-11(a), Florida Appellate Rules, 31 F.S.A., they became parties-appellees to so much of this cause as relates to the original suit contesting the certificate of necessity and convenience awarded to Miami Beach Air Transport, Inc.” (The subject-matter of the suit involving the Commission).
And accordingly, the Class Defendants, who are now moving to dismiss this appeal, had previously filed in the lower Court their Cross-Assignments of Error and had followed that up by filing in this Court a comprehensive “Brief for Appellees” and an Appendix thereto, in response to the Brief for Appellant Tamiami, upon the full merits of the appeal. So all property owners in Harbor Acres Subdivision will be duly represented before this Court and their rights will be fully presented and considered.
The motions to dismiss the appeal and to strike the Assignments of Error are severally denied.
SHANNON, Acting C. J., and HOB-SON, J., concur.