PER CURIAM.
On September 8, 1970, the appellant was convicted of unlawful possession of a narcotic drug, and was placed on probation for five years. In April and May of 1972, two informations were filed against the appellant charging him with forgery. While represented by counsel, the appellant pleaded guilty to the latter charges following certain plea bargaining which the court referred to as “plea discussion.” The latter included an understanding that the sentences to be imposed for the forgery offenses would run concurrently with a sentence which was being imposed on the earlier narcotic offense, upon revocation of the probation which had been granted on the latter. On all three convictions sentences were imposed for imprisonment for three years, less thirty-six days presentence jail time. The defendant appealed.
Three assignments of error were filed. First, that the court erred in denying the defendant’s motion for judgment of acquittal at the close of the state’s case. Second, that the court erred in denying defendant’s motion for judgment for acquittal at the close of all the evidence. Third, that the court erred in denying the defendant’s motion for new trial. Those assignments were inapplicable, where the defendant had pleaded guilty. The points stated and argued in the brief of the appellant were, first, whether the trial court erred in accepting the defendant’s guilty plea, and second, whether the court had jurisdiction to revoke the probation. As pointed out by the state, neither of those contentions on appeal were supported by an assignment of error, and for that reason affirmance is indicated. See' Davidson v. Bezant, 101 Fla. 1296, 132 So. 488. Points made in a brief should be accompanied by a designation of the assignment or assignments of error from which the point argued arises. Rule 3.7f(4) FAR, 32 F.S.A. A point in a brief which is not supported by any assignment of error is not entitled to consideration. City of Opa-locka v. Metropolitan Dade County, Fla.App.1971, 247 So.2d 755.
Nor do we find basis for reversal on the merits of the points presented by the appellant. The contention of the appellant that his guilty pleas to the informations charging forgery were not voluntarily made is conclusively refuted by the record. No insufficiency or irregularity was shown in the proceedings resulting in revocation of probation.
Affirmed.