## BEHRING CORPORATION v. WALKER, et al.

No. 73-8467.

Circuit Court, Broward County, Civil Appeal.

June 13, 1975.

Cabell B. Carlan, Fort Lauderdale, for the appellant.

STEPHEN R. BOOHER, Circuit Judge.

This appeal came on for consideration by the court *sua sponte*, and it appears that appellant has failed to file assignments of error, directions to the clerk, or its main brief in accordance with Florida Appellate Rules 3.5a, 3.6d(1), and 3.7a, for a period in excess of two years, and that neither this court nor the trial court has extended the time therefor.

The final judgment in each of the twenty-two cases consolidated for this appeal was entered on April 9, 1973. Notice of appeal was timely filed in each case on May 3, 1973. Assignments of error were due on May 13, 1973, but were not filed; instead, on May 23, 1973, the appellant filed a motion for extension of time stating as

grounds that a motion was pending before this court seeking modification of the proceedings on review, pursuant to Florida Appellate Rule 4.7. The motion for extension of time, which was filed in the county court, was never noticed for hearing before or ruled upon by the trial court. In fact, the purported motion seeking modifications had not then been filed before this court and it has not been filed since.

As a general rule, the failure to file assignments of error within the time called for by Florida Appellate Rule 3.5a constitutes a basis for dismissal of the appeal. See Quality Furniture House, Inc. v. General Bond and Discount Company, 97 So.2d 203 (3rd D.C.A. Fla. 1957), and cases cited; Forro v. Five Sky, Inc., 114 So.2d 512 (3rd D.C.A. Fla. 1959). However, if a motion to extend is timely filed — that is, within the ten-day period — then the time period is suspended until such motion is ruled on by the court. Coggan v. Coggan, 161 So.2d 550 (2nd D.C.A. Fla. 1964). If the application for extension is timely filed, all that need be shown is sufficient reason; but if the application is filed *after* the time has run, it can only be granted on a showing of good cause for the default. Quality Furniture House, Inc. v. General Bond and Discount Company, supra.

In the case *sub judice* the motion for extension of time was not timely filed. It fails to make a showing of good cause, especially since the purported motion on which it was bottomed was never filed. The appeal, therefore, should be dismissed.

In addition, since the motion to extend was not timely filed, it does not operate to suspend the running of time under the other provisions of the appellate rules. The time for filing the appellant's main brief has, therefore, expired and appellant is considered to have abandoned this apeal. The Carter Corporation v. The Albanese Company, Inc., 177 So.2d 513 (1st D.C.A. Fla. 1965).

It is appropriate to quote from Akin v. Harvey, 283 So.2d 872 (1st D.C.A. Fla. 1973), where the District Court, faced with similar facts, said —

> "Often times and rightfully so, the judicial system is criticized for inordinate delay in reaching a final judgment disposing of controversies among litigants. It is the responsibility of attorneys to promptly dispatch the duties they owe their clients. Proper functioning of the adversary system depends to a great extent upon lawyers abiding by the procedural rules and timetables prescribed in order for a prompt final decision to be reached. The inordinate, inexcusable delay by appellant in failing to take any action to prosecute the subject appeal within the time periods prescribed by the

Florida Appellate Rules requires that the subject motion to dismiss be granted."

That admonition applies with equal force here.

Accordingly, it is ordered and adjudged that this appeal be and the same is hereby dismissed.