SCHEMPF v. NEW ERA LIFE ASS'N.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.
   In action by beneficiary on benefit certificate, insurance company's agents are precluded by Act No. 245, Pub. Acts 1881, from testifying to matters equally within knowledge of deceased; beneficiary being assign of deceased and protected by act.

2. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS.
   Affidavits of merits in opposition to motion for summary judgment do not comply with Circuit Court Rule No. 34, where affiants are not competent to testify to statements contained therein.

3. INSURANCE—FRAUD—MATERIAL FACTS.

In action on benefit certificate, claim that it was obtained by misrepresentation as to material facts is good defense, if proved.

4. JUDGMENT—SUMMARY JUDGMENT—WITNESSES.

On hearing of motion for summary judgment, court may, in its discretion, require production of witnesses for oral examination in open court.

5. SAME—ABUSE OF DISCRETION.

Refusal of court to take testimony offered for purpose of supplying insufficiencies of affidavits of merits in opposition to motion for summary judgment was abuse of discretion, where witnesses were then in courtroom.

Error to Jackson; Simpson (John), J. Submitted October 30, 1930. (Docket No. 115, Calendar No. 35,223.) Decided January 7, 1931.

Assumpsit by Charles L. Schempf as beneficiary of a benefit certificate against New Era Life Association. Summary judgment for plaintiff. Defendant brings error. Reversed, and new trial granted.

*Blackman & Williams,* for plaintiff.

*Whiting, Kleinstiver & Aubrey* and *Dale Souter,* for defendant.

McDONALD, J. The defendant brings error to review a summary judgment for the plaintiff, who brought suit as beneficiary to recover upon a benefit certificate issued by the defendant upon the life of his mother, Carrie L. Schempf, who died March 24, 1929. The defendant filed plea of the general issue, with notice of special defense that the certificate was issued on written application in which the insured falsely represented material facts in regard to her condition of health and illnesses during five

years prior thereto, which rendered the certificate void.

The plaintiff made a motion for summary judgment supported by his affidavit and that of James W. Williams, one of his attorneys. The defendant filed three affidavits of merits in opposition to the motion. The court held that defendant's affidavits did not show a meritorious defense, and granted the motion for summary judgment.

The applicable portion of Circuit Court Rule No. 34 relative to affidavits of merits reads as follows:

"The facts so stated shall be the personal knowledge of the affiant, shall be set forth in the affidavit with particularity, and the affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto."

The defendant's affidavits do not comply with this portion of Circuit Court Rule No. 34. In fact, as to matters equally within the knowledge of the deceased, all of the affiants, being agents of the defendant, are precluded from testifying. The plaintiff, as beneficiary, is an assign of the deceased, and assigns are protected parties under the statute. Perkins, Evidence by Survivor, § 85, pp. 117, 118.

Under the amendment of 1881, Act No. 245, page 335 (see 3 Comp. Laws 1929, § 14219), in proceedings by or against corporations, their agents are prohibited from testifying to matters which, if true, were equally known to the deceased. A discussion of this act and applicable cases will be found in the excellent work of Judge Perkins on Evidence by Survivor, § 109, p. 161.

In the instant case, the three affiants in the affidavits of merits are agents of the defendant corpora-

tion. If sworn as witnesses, they could not competently testify to any matter stated in their affidavits, which, if true, was equally within the knowledge of the deceased.

The affidavit of Ora L. Bilsborrow contains no statement that she could competently testify to if sworn as a witness on the trial. She took the insured's application and her affidavit sets forth the representations she (insured) made relative to her condition of health and illnesses, etc.

The affidavit of Joseph Kurzynowski says he interviewed doctors and examined records and charts in hospitals from which he undertakes to inform the court as to the condition of insured's health during the five years prior to her application for insurance. If sworn as a witness, he would not be allowed to testify to any of the matters stated in his affidavit.

The affiant Gaylord Nelson, general secretary of the defendant, begins his affidavit by saying that he has charge of the files and records of the company and follows with a recital of the contents of the application showing the representations made by the insured, and, as proof of their falsity, calls attention to the investigations made at the hospitals by an agent, to letters he had received from doctors, and to the certificate of death. If sworn as a witness, he could not testify to the representations in the application, or to the result of the agent's investigation, or to what doctors told him, or to the contents of the death certificate.

These affidavits were of no assistance to the court in determining whether there was a real defense to the action. In its plea, the defendant claimed that the benefit certificate was void because obtained by misrepresentations as to material facts.

That would be a good defense if proved, but, on this record for summary judgment, it stood as nothing more than a claim unsupported by any showing that it was real. There was no evidence before the court of any defense which, if established, would defeat plaintiff's right of recovery. In view of this fact, the court rightly held that the motion for summary judgment should be granted. But, before judgment was entered, counsel for the defendant, who were present when the court announced its decision, requested permission to present additional proofs by oral testimony of witnesses who were then in the courtroom. The court refused to take the proffered testimony, and entered judgment for the plaintiff.

It is true that the rule and statute contemplate a showing of merits by affidavit, but, on the hearing of any motion, where a question of fact in involved, the court may, in its discretion, require production of witnesses for oral examination in open court. 3 Comp. Laws 1915, § 12580.

Summary proceedings are convenient and useful, but they should not be employed to work an injustice. Under the circumstances of this case, we think the court abused its discretion in refusing to take the testimony of witnesses offered for the purpose of supplying the insufficiencies of the affidavits.

The judgment is reversed, and a new trial granted, without costs to either party.

BUTZEL, C. J., and CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. WIEST, J., concurred in the result.