PEARSON Judge.
The appellant, a trucking company, was defendant in a suit for conversion of a truckload of potatoes, which it was under contract to transport from Goulds, Florida to New York City. A jury trial was demanded. A partial summary judgment, holding the appellant liable, was entered. The appellee has urged that this last mentioned judgment is not now reviewable because it was in itself appealable. It has been previously determined that such judgments are interlocutory in character and not appealable, and that they may be assigned as error upon an appeal from the final judgment. Rule 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A.; Brannon v. Johnston, Fla.1955, 83 So.2d 779. Nevertheless, we canot review the propriety of the partial summary judgment because its entry was not assigned as error. St. Andrews Bay Lumber Co. v. Bernard, 106 Fla. 235, 143 So. 160; Davidson v. Bezant, 101 Fla. 1296, 132 So. 488.
Approximately one year after the date of the partial summary judgment on liability the plaintiff served and filed a motion, “for final judgment”. This motion reads as follows:
“The plaintiff, Heller Bros. & Co., moves the court to enter a final judgment assessing damages in the above entitled matter, and in support of its motion attaches the affidavit of Milton Heller, as plaintiff’s Exhibit ‘A’, and by reference thereto made a part of this motion.”
Thereafter the court granted the above motion and a final judgment was entered. It is from this final judgment that the defendant appeals.
The judgment recites as follows:
“This Cause came on to be heard on the plaintiff’s Motion for entry of Final Judgment, the court having heard testimony on the issue of damages and having examined the testimony on file in this cause, and being otherwise duly and fully advised in the premises, it is hereby (Emphasis added).
« * sjs * a
It thus appears that a non-jury trial was had upon the issue of damages. Appellee *297 explains the holding of such a trial, when a jury trial had been demanded upon all the issues of the cause, by the contention that the final judgment was in truth a summary final judgment on the remaining issue of damage to the plaintiff. This position is unavailing for several reasons. First, the plaintiff did not move for a summary judgment on damages, but moved for a final judgment on the basis of an affidavit, a procedure which is not permissible in a litigated cause. Second, Florida Rules of Civil Procedure do not permit the taking of testimony at a hearing on a motion for summary judgment because Rule 1.36(c), 30 F.S.A., provides as follows: “The judgment or decree sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law.” [1]
For the reasons expressed the final judgment is reversed and the cause is remanded for a jury trial on the issue of damages.
Reversed and remanded.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. It is to be noted that Professor Moore in Volume 6 of his Federal Practice, paragraph 56.11(8) states that the court may properly accept and consider oral testimony in a summary judgment proceeding. Moore further states that although Federal Rule 56(c), 28 U.S.C.A. [which is almost identical with Florida Rule 1.36(c)] does not mention oral testimony, Federal Rule 43(e) permits the court to hear oral testimony at a hearing on a motion. Florida, however, did not adopt subsection (e) of Federal Rule 43. The Supreme Court of Michigan in Schempf v. New Era Life Ass’n, 253 Mich. 152, 234 N.W. 177, held that oral examination of witnesses is proper at a hearing on motion for summary judgment. The ruling in the Michigan case, however, was based upon Comp. Laws 1915, § 12580, now Comp.Laws Mich.1948, § 618.8, § 27.988 of The Judicature Act, 21 Mich.Stat.Annot., which permits examination of witnesses in open court at a hearing on motion. Florida has no rule analogous to the Michigan statute. It is also noteworthy that the District Court of Appeal of Florida, First District, in Hall v. Davis, Fla.App. 1958, 106 So.2d 599, held that an appellant may not complain that oral testimony was submitted at a hearing of a motion for summary judgment when no objection was made in the trial court and no record of the testimony and exhibits were submitted to the appellate court. The Hall case is not in conflict with the case under consideration because the First District Court of Appeal of Florida in Fish Carburetor Corporation v. Great American Ins. Co., Fla. App.1961, 125 So.2d 889, 892, reversed a summary final judgment which was based on oral testimony submitted during a trial of the issues. The Court stated:
“Under the applicable rule the only matters which the court is authorized *298 to consider [upon motion for summary judgment] are the pleadings, depositions and admissions on file, together with the affidavits, if any, filed in support of and in opposition to the motion.”
Texas likewise has no provision in its Civil Practice Act for the taking of testimony upon a hearing on a motion for summary judgment. Only the pleadings, depositions, admissions on file and affidavits are mentioned as the proper bases for judicial action under its Rule 166-A, Texas Rules of Civil Procedure. Toliver v. Bergmann, Tex.Civ.App.1956, 297 S.W.2d 208.