HENDRY, Judge.
Plaintiff-appellant instituted this action on October 11, 1960 seeking to recover on a promissory note.
On March 22, 1961, subsequent to plaintiff’s motion for summary judgment, the trial judge entered an order appointing a commissioner to take testimony in regard to the defendant’s allegation of payment of the note.
The custodian of the corporate records of the plaintiff was served with a subpoena duces tecum returnable before the commissioner on April 3 and April 7, 1961. Thereafter, the hearing before the commissioner was adjourned until May 4, 1961. A subsequent subpoena duces tecum was requested to be served upon the custodian of the corporate records of the plaintiff returnable on May 4, 1961, but this subpoena was never served. The books were not produced at the hearing before the commissioner on May 4, and on May 10, 1961 the defendant moved to dismiss the complaint for the failure of the plaintiff to comply with the subpoena first served. On December 23, 1963 the trial court dismissed the complaint without prejudice for failure to comply with the subpoena. Plaintiff asserts error on the part of the trial court for dismissing *117 the complaint. We agree that this was error.
The error was committed by granting the motion to dismiss the complaint for failure to comply with the subpoena. The proper remedy for failure to comply with a subpoena is especially provided for in Rule 1.34(e), F.R.C.P., 30 F.S.A.:
"Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued.”
 Failure to obey a subpoena is punishable by contempt, not by dismissal of the complaint.[1] Had the defendant made a motion for the plaintiff to produce the ■documents pursuant to Rule 1.28 F.R.C.P., 30 F.S.A., then upon the plaintiff’s failure to comply, the complaint could have been •dismissed for failure to comply with an order of the court pursuant to Rule 1.35, F.R. C.P., 30 F.S.A
Appellees seem to concede the trial court’s error by contending that the complaint could have been dismissed for failure to prosecute; however, it is argued, that ■even if the lower court gave the wrong reason for acting if its act is correct, it will be sustained. § 45.19 Fla.Stat., F.S.A. provides for the dismissal of a complaint for failure to prosecute, and that such action may be taken on the court’s own motion, but it can only be done on notice, to the plaintiff, which was missing here.
This was a motion for summary judgment, and the court ordered a hearing for the taking of testimony in regard to the decision on the motion for summary judgment. This may not be done.[2] It is improper to take testimony in order to decide whether to grant a motion for summary judgment. The trial court should not have appointed a commissioner for the taking of testimony in regard to a motion for summary judgment.
Accordingly, the judgment appealed is reversed and remanded for proceedings consistent herewith.
Reversed and remanded.

. In view of this result, we need not decide the question of the validity of the sendee of the subpoena duces tecum.

. Ogden Trucking Company v. Heller Bros. & Co., Fla.App.1961, 130 So.2d 295.