SWANN, Judge.
This is an appeal by George and Ernest Horvath, the defendants below, from the final judgment entered on a promissory note for the plaintiff, Five Points National Bank. All right, title and interest in the note and judgment had been assigned by Five Points National Bank to the Federal Deposit Insurance Corporation prior to this appeal, but the assignment has no effect on this opinion and decision.
The plaintiff bank filed suit against the co-makers of the promissory note, the Hor-vaths, and demanded judgment for the principal balance due on the note of $65,000,. plus reasonable attorney’s fees and costs.. The Horvaths admitted the execution of the-note for $75,000, dated August 13, 1964,, and that there was a balance of $65,000 outstanding, but denied that the same was due.
The Horvaths claim, as a defense, that sometime prior to April 30, 1964 they negotiated with the plaintiff bank for a long-term loan of $75,000, and that it was agreed' that a long term loan would be granted to* them, but that they should execute and deliver a note in the face amount of $75,000,. bearing an early maturity date.
It is also alleged by the Horvaths that the-bank promised them that when the note matured it would accept, as partial payment, a1, payment on account of principal of at least $5,000 to $10,000, and it would then cancel that note, upon execution and delivery by the Horvaths of a renewal note for the reduced balance, to be made due and payable-within ninety days from that date-. Thereafter, in every successive ninety-day period,, upon payment of at least $5,000 on account of principal, a renewal note would be executed and delivered for the reduced balance- and the matured note cancelled. The Hor-vaths claim that the original note became-due by its terms and they reduced the principal balance by the sum of $10,000' in accordance with their agreement. They further claim that they were willing to execute the renewal note for $65,000 payable within-, ninety days, but that the bank refused to comply and demanded the balance of $65,000 before it was due, in accordance with this agreement and understanding. The Hor-vaths’ counterclaim realleged these matters with a prayer that the bank be required to *588 specifically perform the alleged oral agreement.
The bank moved for a summary judgment and filed an affidavit of its executive vice-president that the allegations of the complaint were true and that the balance due and owing was $65,000, plus interest and costs. He later testified that the bank had agreed to pay to the attorneys a fee in the amount of ten percent of the recovery of the note. The trial court granted the plaintiff’s motion for summary judgment as to the issue of liability, but gave no reasons in its order.
Subsequently, a final hearing was held to determine the amounts due under the note. The trial court entered its final judgment for the plaintiff on December 1, 1965, in the amount of $65,000, plus interest, and attorney’s fees in the amount of Six Thousand Seven Hundred Fifty Dollars.
The defendants sole assignment of error is directed to the entry of the final judgment on December 1, 1965. No assignment of error was directed to the order of the trial court dated November 18, 1965, which granted the summary judgment for the plaintiff on the issue of liability. The failure of the defendants to assign the summary judgment of liability as error precludes consideration of the propriety of the entry of the summary judgment on appeal.
This question of a failure to assign as error the granting of a summary judgment as to the issue of liability was previously before this court in Ogden Trucking Company v. Heller Bros. & Co., Fla.App.1961, 130 So.2d 295, involving a suit for the conversion of a truckload of potatoes. A partial summary judgment was entered wherein the defendant was held liable. Subsequently, a final judgment was entered fixing damages. On an appeal by the defendant, this court held that it could not review the propriety of the partial summary judgment on the issue of liability because its entry was not assigned as error.
' Inasmuch as the entry of the summary judgment of liability was not assigned as error in the case, sub judice, Points I and II of the Horvaths’ brief cannot be considered on this appeal, since those points go only to the issue of liability. The only remaining question which was raised under the Horvaths’ assignment of error is the amount of damages. On this appeal, the Horvaths have not questioned the amount of damages as to the principal, but only as to the propriety and reasonableness of the attorney’s fees.
We have reviewed the evidence concerning the amount awarded as attorney’s fees in this matter, and have determined that they are within the limits of the testimony adduced at the time of trial. We find that .there was substantial competent evidence to support the decision of the trial court in finding that there was an agreement to pay an attorney’s fee in the amount of the fee awarded.
The judgment of the trial court is therefore
Affirmed.