HENDRY, Judge.
Appellant-plaintiff Boaters Paradise, Inc. is the assignee of the original tenant under a commercial lease. It seeks review of and adverse summary final judgment in favor of the appellee-defendant Freburn Corp., the landlord.
Appellant, the tenant, instituted a declaratory judgment action to construe a clause in the lease concerning taxes, apparently to avoid being in default under the lease. Pursuant to the landlord’s counterclaim, the judgment appealed awarded the landlord the amount of increased ad valorem taxes under the clause sought to be construed. The clause is as follows:
“3. Because of the improvements which the Tenant may erect, it is understood and agreed that the Tenant shall pay all increases in taxes resulting therefrom, that is to say, using the year 1965 as a base year the Tenant shall pay all increases in taxes assessed against the said premises subsequent to 1965, during the remainder of the term of this lease, the said increase to be paid by the Tenant promptly upon the rendering of tax bills by public authority and demand therefor by Landlord of Tenant, said additional taxes shall be paid within 30 days after such demand and shall be deemed and treated as additional rent.”
Opposing affidavits were submitted. The court found the clause to be ambiguous. The court called the former attorney for appellant, who had negotiated the lease with appellee’s counsel, to testify as to his understanding of the lease, based upon the original negotiations.
We reverse the final summary judgment upon the grounds that there existed genuine issues of material fact, precluding the entry of a summary judgment. That is, once the court found the clause to be ambiguous, relevant matters to be considered in this case, under the pleadings and affidavits, included at least the intention of the parties, surrounding circumstances, and the purported past conduct in paying ad valorem taxes. These matters were in dispute. For instance, under the circumstances here, the conduct in paying $70.90 by the former attorney of appellant (when he was still representing appellant) to the landlord is susceptible of conflicting inferences.
Appellant has also contended for reversal that the court erred in permitting oral testimony of the former attorney for the appellant to be taken in support of a motion for summary judgment; and notwithstanding a stipulation permitting the use of such testimony, it was actually heard when appellant’s counsel was not present. Appellant has cited Rule 1.510(c), Florida Rules of Civil Procedure, 31 F.S.A., Ogden Trucking Company v. Heller Bros. & Co., Fla.App.1961, 130 So.2d 295, 297; Franklin Acceptance Corporation v. Superior Electrical Industries, Inc., Fla.App.1964, 167 So.2d 116, 117. However, in view of our disposition of the propriety of the entry of the summary judgment in view of the existence of genuine issues of material fact, we need not resolve this point.
Reversed and remanded for further proceedings.